5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Lee STARK, Petitioner-Appellant,
v.
Frank O. GUNTER; Gale A. Norton, Attorney General of the
State of Colorado, Respondents-Appellees.
 No. 92-1073.
 United States Court of Appeals, Tenth Circuit.
 Aug. 26, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON,** District Judge.[2]
 
 ORDER AND JUDGMENT[1]
 
 2
 Petitioner-appellant James Lee Stark appeals the district court's dismissal of his petition for writ of habeas corpus and the denial of his "Motion for Rehearing." Because we are without jurisdiction to review the dismissal of Stark's petition, and because we find no abuse of discretion in denying his post-judgment motion, we affirm.
 
 
 3
 Stark is currently serving an eight-year sentence, stemming from his conviction for first degree sexual assault. In 1989, he was notified that as a sex offender, his date of parole was discretionary rather than mandatory, based on an opinion issued by the Colorado Attorney General's office. The Colorado Supreme Court then confirmed this interpretation in Thiret v. Kautzky, 792 P.2d 801 (Colo.1990). Stark filed a petition for habeas corpus relief in state court, claiming that application of the new interpretation to his sentence violated the prohibition against ex post facto laws, deprived him of due process and equal protection, and was contrary to the rule of lenity. His petition was denied on April17, 1991.
 
 
 4
 Instead of appealing the state court decision, Stark filed a habeas corpus petition in the United States District Court for the District of Colorado on April24, 1991. Stark's petition raised five issues: (1) the new interpretation created ambiguities in the sentencing laws; (2) the interpretation constituted an ex post facto law; (3) the deprivation of his good time credits denied him due process; (4) application of the new interpretation denied him equal protection; and (5) abrogation of his mandatory parole constituted cruel and unusual punishment.
 
 
 5
 Upon reference, the magistrate judge recommended that Stark's petition be dismissed for failure to exhaust his state remedies. Stark timely filed objections to the recommendation, arguing that exhaustion was not required because the Colorado Supreme Court had recently decided the same issues adversely to him and because such a requirement would cause him to risk incarceration beyond his mandatory parole date. After de novo review, the district court concluded that only a portion of Stark's issues had been decided in recent cases and that, therefore, his petition contained unexhausted claims, requiring dismissal. The district court's order was entered on January30, 1992.
 
 
 6
 On February 14, 1992, Stark served a "Motion for Rehearing," arguing, once again, that he was not required to exhaust his state remedies. Stark's motion was denied on February 25, 1992, and his notice of appeal was filed on March 18, 1992.
 
 
 7
 We first examine whether we have jurisdiction to review the court's dismissal of Stark's habeas petition. A notice of appeal must be filed within thirty days after entry of the judgment or order appealed from. Fed.R.App.P. 4(a)(1). If a notice of appeal is not filed within this period, the appellate court has no jurisdiction and must dismiss the appeal. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 198 (1988).
 
 
 8
 Post-trial motions such as those under Fed.R.Civ.P. 59, if timely, will toll the period in which an appeal must be filed, causing the time to run from entry of an order denying or granting the motion. Fed.R.App.P. 4(a)(4). To be timely, a motion under Rule 59 must be filed and served within ten days after the entry of judgment, exclusive of weekends and holidays. Fed.R.Civ.P. 6(a), 59(b), (e).
 
 
 9
 Here, Stark's "Motion for Rehearing" was served eleven days after entry of the district court's order, and was thus untimely. Because the motion did not operate to toll the period for appeal, Stark's notice of appeal was also untimely, and did not confer jurisdiction upon this court. Accordingly, we are without jurisdiction to review the denial of Stark's habeas petition.
 
 
 10
 Even if we were to construe Stark's "Motion for Rehearing" as a motion for relief under Fed.R.Civ.P. 60(b), he cannot prevail. When a motion is filed more than ten days after entry of judgment, the court will construe it as a motion pursuant to Rule 60(b). Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 113 S.Ct. 89 (1992). In such a case, a subsequent appeal raises for review only the district court's order denying the motion, not the underlying judgment itself. Campbell v. Bartlett, 975 F.2d 1569, 1580 n.15 (10th Cir.1992). We review a Rule 60(b) ruling for an abuse of discretion. Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1145 (10th Cir.1990).
 
 
 11
 Stark's motion appears to allege two Rule 60(b) grounds: mistake of fact and mistake of law. A review of the cases cited by Stark, however, reveals no factual error in the district court's conclusion that his due process and cruel and unusual punishment issues have never been addressed by the Colorado Supreme Court. See Thiret, 792 P.2d 801; Aue v. Diesslin, 798 P.2d 436 (Colo.1990); Lustgarden v. Kautzky, 811 P.2d 1098 (Colo.1991). Stark's allegation that the exhaustion requirement should have been waived because it would cause him to remain incarcerated beyond his "mandatory" release date also does not justify relief as it does not rise to the level of a "facially obvious error[ ] of law." Van Skiver, 952 F.2d at 1244. Finally, Stark has not demonstrated any unusual circumstances that would entitle him to relief under Rule 60(b)(6). For these reasons, we hold the district court did not abuse its discretion in denying Stark's motion.
 
 
 12
 Stark's appeal from the judgment of the United States District Court for the District of Colorado is DISMISSED for lack of jurisdiction and the court's order denying his post-judgment motion is AFFIRMED.
 
 
 
 **
 Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3