13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 AMERICAN AIRLINES, INC., Plaintiff-Appellee,
v.
Craig TWEEDY, Defendant-Appellant.
 No. 92-5159.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 10, 1993.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and KELLY, Circuit Judges, and BROWN,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. An order was issued on November 8, 1993, denying appellant's request for oral argument. The case is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Craig Tweedy appeals from the district court's entry of an order enjoining him from pursuing further litigation associated with the discharge of Lillian Graham from appellee American Airline's employ.[2] The court also awarded fees and costs. A preliminary question has arisen concerning whether we have jurisdiction to hear this appeal. The parties have briefed the issue. We will consider that question first.
 
 
 4
 On March 31, 1992, the district court entered its order. On April 10, 1992, Mr. Tweedy filed a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e). That order was denied on May 20 1992. Rather than file a notice of appeal at that time, however, Mr. Tweedy filed a second "motion for reconsideration" on May 27, 1992. That motion was ultimately denied on July 14. The notice of appeal was filed on August 13, 1992.
 
 
 5
 Although Mr. Tweedy identified the second motion as one for reconsideration, we will construe it as a Fed.R.Civ.P. 60(b) request. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991)(motion served more than ten days after judgment construed as one pursuant to Rule 60(b)), cert. denied, 113 S.Ct. 89 (1992). Our consideration is limited, however, because although we have jurisdiction, we may only review the order of denial, not the underlying judgment. Id. That review is for abuse of discretion. Campbell v. Bartlett, 975 F.2d 1569, 1580 n.15 (10th Cir.1992). The district court ruled correctly. Therefore, we affirm on the merits.
 
 
 6
 American Airlines has also filed a motion to assess sanctions against Mr. Tweedy for filing a frivolous appeal. Mr. Tweedy has responded. "To deter frivolous and abusive litigation and promote justice and judicial efficiency, the federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings." Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir.1987). The airline requests that we impose sanctions pursuant to Fed.R.App.P. 38.
 
 
 7
 This is the third time in less than two years that we have reviewed a request for sanctions against Mr. Tweedy related to this litigation. See Nos. 91-5060, 92-5107. Once again, we will grant them. Not only has Mr. Tweedy continued to pursue baseless legal arguments, he has flagrantly disregarded orders of this court. In particular, there is nothing in the record indicating he has paid any of the previously imposed monetary sanctions. Furthermore, Mr. Tweedy has been advised previously that the same arguments he raises in this appeal are devoid of legal or factual support.
 
 
 8
 In our prior orders granting sanctions, we assessed penalties to be paid to American Airlines. In this case, however, we will assess penalties to be paid to this court. Mr. Tweedy has unnecessarily taxed the resources of the judiciary. In light of the prior warnings he has been given, his conduct can only be described as in bad faith. Pursuant to Local Rule 46.5, and our inherent authority to deter abusive litigation, we order Mr. Tweedy to pay the clerk of this court $3,000. Payment shall be made within twenty days of the date of this order. In addition, the clerk is directed to initiate disciplinary proceedings against Mr. Tweedy in accordance with Rule 46.5 and this court's Plan for Attorney Disciplinary Enforcement.
 
 
 9
 Appellee's motion to dismiss is DENIED. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The motion to assess sanctions is GRANTED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 Ms. Graham was dismissed as a party through a stipulation of dismissal filed on August 27, 1992