16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ACCOUNTABILITY BURNS, Plaintiff-Appellant,
v.
CENTRAL INTELLIGENCY AGENCY, Defendant-Appellee.
 No. 93-5153.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 The pro se Plaintiff-Appellant, Accountability Burns, appeals from the district court's denial of his motion to reopen a case that the court had dismissed for failure to state a claim on March 7, 1977. The 1977 action sought to obtain documents from the Central Intelligence Agency ("CIA") under the Freedom of Information Act. He filed a motion in the Northern District of Oklahoma on July 2, 1993 to reopen the case in order to assert a claim under the Americans With Disabilities Act against "Y-Hotel Management" and "Metro Tulsa Y-Staff." The district court found that Burns asserted no basis on which to reopen the case after 16 years.
 
 
 3
 Construing the complaint liberally as an attempt to reopen the 1977 action under Fed.R.Civ.P. 60(b), we conclude that the district court's denial of Burns' complaint was proper. We review the district court's denial of a Rule 60 motion for abuse of discretion. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 113 S.Ct. 89 (1992). Rule 60(b) can relieve parties of past orders or judgments under six extraordinary circumstances. Id. ("Relief under Rule 60(b) ... is warranted only in exceptional circumstances."). Rule 60(b) reads in part:
 
 
 4
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.
 
 
 5
 Burns must recite, or the record must show, the extraordinary circumstances justifying relief under Rule 60(b). Id. at 1244; Bud Brooks Trucking v. Bill Hodges Trucking, 909 F.2d 1437, 1440 (10th Cir.1990).
 
 
 6
 Because far more than a year has passed since the dismissal in 1977, Burns cannot reopen this case for the first three reasons set out in Rule 60(b). Further, Burns makes no argument as to how his situation fits within the other three reasons for reopening a case allowed by Rule 60(b), and we cannot discern one from the record. In addition, with no other facts than those before us, the 16-year delay between the dismissal in 1977 and Burns' attempt to reopen the case in 1993 is not reasonable. Fed.R.Civ.P. 60(b). We thus hold that the district court's denial of Burns' motion was not an abuse of discretion.
 
 
 7
 Burns also raises many other issues in his brief for this appeal. We will not review these issues because they were not previously raised or considered and ruled upon by the district court. Farmers Insurance Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989).[2]
 
 
 8
 Accordingly, we AFFIRM the district court's order.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In view of our order of November 23, 1993, granting Appellee's motion to file a brief out of time, and our judgment in this case, we deny Burns' two motions docketed on November 22, 1992