42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Arnold Norman FANT, Plaintiff-Appellant,
v.
D. HUBBLE, individually and in his official capacity as Unit
Manager; E.H. Anderson, individually and in his official
capacity as case manager; K. (NMI) SASEK, Correctional
Counselor, individually and in his official capacity as
member of Adult Authority of U.S. Penitentiary, Leavenworth,
KS, Defendants-Appellees.
 No. 94-3148.
 United States Court of Appeals, Tenth Circuit.
 Nov. 29, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Arnold Norman Fant appeals from the district court's order denying his motion to vacate judgment and his motion for abeyance. Plaintiff seeks relief from an order of the district court granting summary judgment on claims related to various prison mail privileges. The summary judgment order was entered June 22, 1993. Plaintiff filed his motion for abeyance and motion to vacate judgment in opposition to the order on July 16 and 19, 1993.
 
 
 3
 This court has specifically stated that whether a "motion to reconsider" is governed by Rule 59(e) or Rule 60(b) "depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991) (citations omitted), cert. denied, 113 S.Ct. 89 (1992). In this case, plaintiff did not file his motion until twenty-seven days after judgment; we therefore must treat his motion as a motion pursuant to Rule 60(b).
 
 
 4
 A Rule 60(b) motion does not toll the period in which a notice of appeal may be filed. Thus, plaintiff's notice of appeal from the district court's order granting summary judgment to defendants is untimely. Plaintiff may now appeal only the district court's denial of his Rule 60(b) motion. We find that the court correctly determined that no grounds existed for plaintiff's motion under Rule 60(b).
 
 
 5
 We grant in forma pauperis status on appeal to plaintiff and grant the certificate of probable cause. We dismiss plaintiff's appeal from the district court's order granting defendants summary judgment as untimely, and we affirm the district court's order denying plaintiff's motion to vacate judgment and his motion for abeyance. DISMISSED and AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470