UNITED STATES COURT OF APPEALS

**Filed 6/26/96**

TENTH CIRCUIT

RAYMOND E. HORTON, JR.,      )
      )
    Plaintiff-Appellant,      )
      )
vs.      )     No. 96-8012
      )   (D.C. No. 90-CV-279)
BILLY JANES, Torrington Police      )     (D. Wyo.)
Commissioner,      )
      )
    Defendant-Appellee.      )

ORDER and JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

Plaintiff Raymond E. Horton, Jr., appearing pro se, appeals the district court's

denial of his Fed. R. Civ. P. 60(b) motion to reconsider its order entering summary

judgment in his 42 U.S.C. § 1983 civil rights action. We exercise jurisdiction under 28

U.S.C. § 1291 and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

Plaintiff was convicted of attempted first degree murder and sentenced to life in prison. Plaintiff filed a civil rights complaint pursuant to § 1983 alleging that Defendant Billy Janes, a state police officer, violated Plaintiff's Fifth, Sixth, Eighth, and Fourteenth Amendment rights when Defendant allegedly threatened and coerced a statement from a material witness at a preliminary hearing which resulted in Plaintiff being bound over to the district court to face criminal charges. Neither the witness nor his statement were introduced against Plaintiff at trial.

The district court granted Defendant's motion for summary judgment on the basis that Plaintiff had failed to allege facts amounting to a constitutional violation. The court concluded that Plaintiff's claim that Defendant coerced false testimony from a material witness did not amount to a constitutional violation because the witness's testimony was not introduced against Plaintiff at trial. The court ruled that "[t]here is no evidence that shows, or reasonably implies that the plaintiff was convicted because of the coerced statement." Further, the court noted that Plaintiff failed to allege facts to support his proposition that he would not have been bound over to the district court absent the coerced statement. Indeed, the court observed that in addition to the allegedly coerced testimony, the judge at the preliminary hearing was presented with Plaintiff's own confession, the testimony of the victim, and the testimony of Defendant Janes.

The district court entered the order granting summary judgment on March 10, 1994. On January 18, 1995, Plaintiff served a motion to vacate final judgment. The

district court construed Plaintiff's filing as a motion seeking relief from judgment under Fed. R. Civ. P. 60(b) because it was filed more than ten days after entry of summary judgment. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 113 S. Ct. 89 (1992). The district court denied Plaintiff's Rule 60(b) motion on February 6, 1996, and Plaintiff filed a notice of appeal on February 14, 1996.

On appeal, Plaintiff argues the district court erred in entering summary judgment on Plaintiff's § 1983 claims. Plaintiff's notice of appeal, however, was timely only as regards the district court's denial of his Rule 60(b) motion. Thus, we have jurisdiction to review only the district court's decision on Plaintiff's Rule 60(b) motion, and not the underlying summary judgment determination. E.g., Van Skiver, 952 F.2d at 1243; United States v. 31.63 Acres of Land, 840 F.2d 760, 761 (10th Cir. 1988). We review the district court's decision on a Rule 60(b) motion under the abuse of discretion standard. Van Skiver, 952 F.2d at 1243.

We have reviewed Petitioners' brief, the district court's Rule 60(b) order, and the record before us. Based upon our review of the record, we have determined the district court did not abuse its discretion in denying Plaintiff's request to vacate the final judgment.

AFFIRMED.

Entered for the Court

Bobby R. Baldock
United States Circuit Judge