**Filed 2/4/97**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

LINDA WHARRY-JORDAN,

        Plaintiff - Appellant,

v.

DEPARTMENT OF CORRECTIONS,
sued as State of Oklahoma; RON
MERRITT, an individual; C. WAYNE
SMITH, an individual,

        Defendants - Appellees.

No. 95-6396

W.D. Oklahoma

(D.C. No. CIV-94-1078-T)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Linda Wharry-Jordan filed this action in the district court contending that she was terminated from her employment with the Oklahoma Department of Corrections in violation of Title VII and 42 U.S.C. §§ 1981 and 1983. The district court granted summary judgment to the defendants. Judgment was entered on August 24, 1995. On Monday, September 11, 1995, the plaintiff filed a motion to reconsider which the court agreed to receive, then denied. On October 31 the plaintiff appealed.

Upon jurisdictional review of the plaintiff's appeal a panel of this court determined that the plaintiff's September 11 motion for reconsideration did not postpone the time for appealing the August 24, 1995, judgment because it was not served within ten days of the entry of that judgment. *See* Fed. R. Civ. P. 4(a)(4) and 59(e); *Van Sciver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (motion served more than ten days after entry of judgment does not toll the time to file an appeal). Accordingly, we held that this court lacks jurisdiction to review the correctness of the August 24, 1995, summary judgment. *Wharry-Jordon v. Oklahoma Dep't of Corrections*, No. 95-6396, slip op. At 3 (10th Cir. Apr. 19, 1996).

However, we also held that the plaintiff's appeal was timely as to the denial of the motion for reconsideration, and we directed the parties to brief solely that issue. *Id*. Despite our instructions, Wharry-Jordan continues to challenge the merits of the August 24, 1995, order, without reference to the procedural rules or standard of review applicable to her self-styled "motion to reconsider." The Federal Rules of Civil Procedure do not

recognize a "motion to reconsider"; instead, a party subject to an adverse judgment may file a motion to alter or amend the judgment, Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment, Fed. R. Civ. P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Because Wharry-Jordan filed her motion more than ten days after the judgment, we construe it as a Rule 60(b) motion. *Id*.

A Rule 60(b) motion is not a substitute for direct appeal. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances. *Id*. A litigant shows exceptional circumstances only by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment. *Van Skiver*, 952 F.2d at 1243-44.

Wharry-Jordan does not explain how her motion satisfied any of Rule 60(b)'s six grounds for relief. Rather, she asserts general mistakes of law suitable to a Rule 59(e) motion or to a direct appeal. In the absence of any argument explaining how these alleged mistakes warrant relief under any of Rule 60(b)'s alternate grounds, we find no basis for finding that the district court abused its substantial discretion in refusing to vacate the summary judgment order. *See National Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1244 (10th Cir. 1989) ("[W]e are not required to manufacture a party's argument on appeal when it has failed in its burden to draw our attention to the error below.").

AFFIRMED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge