Raymond J. **VAN SKIVER;** Alma L. **Van Skiver,** Plaintiffs–Appellants,

v.

**UNITED STATES** of America; and John Does, Defendants–Appellees.

No. 90–3364.

United States Court of Appeals, Tenth Circuit.

Dec. 30, 1991.

Rehearing Denied Feb. 21, 1992.

---

Raymond J. Van Skiver, pro se.

Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, William S. Estabrook, and Annette M. Wietecha, Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.

LOGAN, Circuit Judge.

Plaintiffs-appellants Raymond and Alma Van Skiver appeal from a district court order, reported as *Van Skiver v. United States*, 751 F.Supp. 1522 (D.Kan.1990), de-

nying their motion to reconsider the district court's judgment entered in favor of defendants the United States and John Does.[1] Because we find no abuse of discretion, we affirm.

Plaintiffs, acting pro se, brought this action against the United States and John Does alleging three causes of action: wrongful levy, unauthorized disclosure of tax return information, and quiet title to real and personal property seized by the Internal Revenue Service (IRS) in partial satisfaction of plaintiffs' tax liability. The United States filed a motion to dismiss alleging lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. This motion was granted in part and denied in part by the district court. Subsequently, the district court, on July 16, 1990, entered a final order granting summary judgment in favor of the United States as to the claims that remained against it and dismissing the entire complaint as to the John Does since they had not been identified and the time for effecting service under Fed.R.Civ.P. 4(j) had expired.

On July 31, 1990, plaintiffs filed their motion for reconsideration. *See* II R. tab 33. Their motion focused exclusively on plaintiffs' claim to quiet title. Plaintiffs' complaint sought to quiet title based on numerous procedural irregularities in the assessment of taxes and in the seizure and sale of property. Specifically, plaintiffs alleged in their complaint that the IRS (1) failed to assess their tax liability in accordance with the procedures required by 26 U.S.C. § 6203; (2) failed to serve the notices and demands required by 26 U.S.C. § 6303; and (3) failed to comply with the service requirements of 26 U.S.C. § 6335(a) and (b) for notices of sale and seizure. Plaintiffs' motion for reconsideration was directed at the district court's rejection of the alleged procedural lapses under 26 U.S.C. §§ 6203 and 6335. The district court found the motion was not appropriate under the circumstances but also denied it

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.

R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

on the merits on November 28, 1990. Plaintiffs filed their notice of appeal on December 7, 1990.

■ This case illustrates the dangers of filing a self-styled "motion to reconsider." The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R.Civ.P. 60(b). These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies to a motion depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). *See Dalton v. First Interstate Bank of Denver*, 863 F.2d 702, 703–04 (10th Cir.1988) ("post-judgment motions filed within ten days of the final judgment should, where possible, be construed as Rule 59(e) motions"). If the motion is served after that time it falls under Rule 60(b). *See Wilson v. Al McCord, Inc.*, 858 F.2d 1469, 1478 (10th Cir.1988) ("Because more than ten days had elapsed before the filing of the motion to reconsider, we construe it as a motion pursuant to Fed.R.Civ.P. 60(b)(6)....") (citation omitted).

■ In this case, plaintiffs' motion to reconsider was not served within ten days of the district court's judgment.[2] Therefore, the motion must be construed as one pursuant to Rule 60(b). Plaintiffs' appeal from the denial of the motion raises for review only the district court's order of denial and not the underlying judgment itself. *United States v. 31.63 Acres of Land*, 840 F.2d 760, 761 (10th Cir.1988); *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir.1979).[3]

■ The district court did not abuse its discretion in denying the plaintiffs' motion to reconsider. The district court noted that plaintiffs' brief in support of their motion "basically revisits, albeit in somewhat different forms, the same issues already addressed and dismissed by the court." 751 F.Supp. at 1523. The court properly recognized that revisiting the issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed" is likewise inappropriate. *Id.* On this basis alone we affirm the district court's denial of the motion to reconsider.

This court need not, and does not, address the merits of the motion to reconsider because the plaintiffs have failed to demonstrate any basis for Rule 60(b) relief. *See United States v. 329.73 Acres of Land*, 695 F.2d 922, 925 (5th Cir.1983). Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances. *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir.1990). A litigant shows exceptional circumstances by satisfying one

---

**2.** The district court's judgment was filed July 16, 1990. Under Fed.R.Civ.P. 6(a), the ten-day time period for plaintiffs to serve a Rule 59(e) motion expired on July 30, 1990. The certificate of service on plaintiffs' motion to reconsider is not dated. However, the motion itself is dated July 31, 1990, and the motion was filed with the district court on that day.

**3.** There are no "unique circumstances" in this case which would permit us to overlook plaintiffs' failure to comply with the ten-day requirement under Rule 59(e) and treat this appeal as raising the district court's underlying judgment for review. *See Thompson v. INS*, 375 U.S. 384, 387, 84 S.Ct. 397, 398, 11 L.Ed.2d 404 (1964); *Stauber v. Kieser*, 810 F.2d 1, 1–2 (10th Cir. 1982). The Supreme Court has recently articu-

lated a strict construction of the "unique circumstances" doctrine and limited its application to situations "where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179, 109 S.Ct. 987, 993, 103 L.Ed.2d 146 (1989). Here, the district court, while considering plaintiffs' motion for reconsideration on the merits, never affirmatively assured plaintiffs that the motion was timely under Rule 59(e) and effective to toll the appeal period. In the absence of such action by the district court, the "unique circumstances" doctrine is inapplicable.

or more of Rule 60(b)'s six grounds for relief from judgment.[4]

Plaintiffs' motion did not recite any of the exceptional circumstances warranting relief under Rule 60(b), nor does our reading of the record disclose any. In essence, plaintiffs' motion reiterated the original issues raised in their complaint and sought to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position. Such arguments are properly brought under Rule 59(e) within ten days of the district court's judgment or on direct appeal but do not justify relief from the district court's judgment pursuant to Rule 60(b). *See, e.g., Smith v. Evans*, 853 F.2d 155, 159 (3d Cir.1988) (motion that "alleges no more than legal error and merely reiterates the arguments contained in the complaint" is a Rule 59(e) motion); *31.63 Acres of Land*, 840 F.2d at 761–62 & n. 4 (argument that denial of attorneys' fees was based on a misapplication of the requirements of the Equal Access to Justice Act does not provide a basis for relief under Rule 60(b)); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.) (argument that district court "misconceived the character of the causes of action alleged in plaintiff's original complaint" does not come within the ambit of Rule 60(b)), *cert. denied*, 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55 (1964).

▇ The most favorable consideration that can be given to plaintiffs' motion, in light of their pro se status, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), is to treat it as one made under either Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect") or Rule 60(b)(6) ("any other reason justifying relief"). This court has recognized that in some instances relief may

be granted under Rule 60(b)(1) on a theory of mistake of law, when, as here, the Rule 60(b) motion is filed before the time to file a notice of appeal has expired. *Morris v. Adams–Millis Corp.*, 758 F.2d 1352, 1358 (10th Cir.1985). However, such relief is available only for obvious errors of law, apparent on the record. *Alvestad v. Monsanto Co.*, 671 F.2d 908, 912–13 (5th Cir.) (relief under Rule 60(b)(1) limited to "perfunctory correction" of obvious errors of law), *cert. denied*, 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982); *see also Rocky Mountain Tool & Mach. Co. v. Tecon Corp.*, 371 F.2d 589, 596–97 (10th Cir.1966) ("palpably erroneous award" of interest from date of filing counterclaim rather than from date of entry of judgment correctable under Rule 60(b)(1)). In this case, plaintiffs' motion for reconsideration did not allege any facially obvious errors of law. The motion argues issues primarily surrounding assessment of taxes in accordance with § 6203 and service requirements of § 6335. We do not intimate any view on the merits of the issues raised by plaintiffs, but we do recognize that the issues are arguable and do not rise to the level of facially obvious errors of law. Therefore, there is no basis for relief under Rule 60(b)(1).

Rule 60(b)(6) has been described by this court as a " 'grand reservoir of equitable power to do justice in a particular case.' " *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir.1975) (en banc) (quoting *Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir.1963)), *cert. denied*, 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976). The kind of legal error that provides the extraordinary circumstances justifying relief under Rule 60(b)(6) is illustrated by *Pierce*. In that case, this court

---

**4.** Rule 60(b) provides in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepre-

sentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."
Fed.R.Civ.P. 60(b).

granted relief under 60(b)(6) when there had been a post-judgment change in the law "arising out of the same accident as that in which the plaintiffs ... were injured." *Pierce*, 518 F.2d at 723. However, when the post-judgment change in the law did not arise in a related case, we have held that "[a] change in the law or in the judicial view of an established rule of law" does not justify relief under Rule 60(b)(6). *Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir.1958). In this case, plaintiffs' motion did not articulate any circumstances even remotely similar to *Pierce*, or any other unusual circumstances that would entitle them to relief under Rule 60(b)(6).

Accordingly, we AFFIRM the district court's denial of plaintiffs' motion for reconsideration. We express no opinion on the merits of the arguments raised by plaintiffs in the motion and discussed by the district court. The United States' request for attorneys' fees on appeal is DENIED.