982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry James GAMBLE, Plaintiff-Appellant,
v.
Fred PARKE; Tulsa Police Department, Defendants-Appellees.
 No. 92-5084.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 This is a direct appeal from the United States District Court for the Northern District of Oklahoma. On April 16, 1990, the appellant was arrested on a charge of accessory to first degree murder by Tulsa Policeman Fred Parke. Parke made the arrest on the basis of a warrant that he prepared under the direct supervision of the appellees, Tulsa County District Attorneys Tom Gillert and Fred Morgan. At the appellant's preliminary hearing, the charges against him were dropped based on the judge's conclusion that the charges were barred by the Oklahoma statute of limitations.
 
 
 2
 The appellant subsequently filed a complaint against the appellees, pursuant to 42 U.S.C. § 1983, alleging false arrest, malicious prosecution, negligent research, and a denial of his right to equal protection of the law.[1] The district court dismissed the appellant's complaint on summary judgment, concluding that the appellees were entitled to absolute prosecutorial immunity. The appellant filed a motion for reconsideration which the district court denied. The appellant now appeals both the district court's original order granting summary judgment and its subsequent order denying the appellant's motion for reconsideration. We find that we are without jurisdiction to review the district court's original order granting summary judgment, and we affirm the district court's denial of the appellant's motion for reconsideration.
 
 
 3
 Under Federal Rule of Appellate Procedure 4(a), a party must file a notice of appeal "within 30 days after the date of entry of the judgment or order appealed from." Fed.R.App.P. 4(a). In this case, the appellant did not file a notice of appeal within 30 days of the district court's summary judgment order.[2] Thus, we may only review this order if the appellant's motion for reconsideration properly preserved this decision for appeal.
 
 
 4
 The Federal Rules of Civil Procedure do not explicitly recognize a motion for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991). However, such a motion may be considered either as a motion to alter or amend the judgment pursuant to Rule 59(e) or as a motion seeking relief from the judgment pursuant to Rule 60(b). Id. Which rule applies depends on when the motion for reconsideration is served. "Motions served within 10 days of judgment ordinarily will fall under Rule 59(e) while motions served later will fall under Rule 60(b)." Campbell v. Bartlett, 975 F.2d 1569, 1580 (10th Cir.1992). A motion under Rule 60(b) preserves for appeal only the order denying reconsideration and not the district court's original order. Bartlett, 975 F.2d 1569, 1580; Van Skiver, 952 F.2d at 1243.
 
 
 5
 Since the appellant served his motion for reconsideration more than ten days after the district court entered its summary judgment order, the appellant's motion must be construed as a motion under Rule 60(b).[3] Thus, we are without jurisdiction to review the district court's grant of summary judgment. All we may consider on appeal is whether the district court properly denied the appellant's motion for reconsideration.
 
 
 6
 We review the denial of a motion for reconsideration under Rule 60(b) for an abuse of discretion. Bartlett, 975 F.2d 1569, 1579-1580. Rule 60(b) permits the district court to reconsider a verdict on only a few specified grounds:
 
 
 7
 (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void, (5) the judgment has been satisfied, released, discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief.
 
 
 8
 Fed.R.Civ.P. 60(b).
 
 
 9
 In this case, the basis for the appellant's motion for reconsideration was that the appellees were liable under an alternative legal theory not originally presented to the district court.[4] This rationale does not fit within any of the grounds for reconsideration permitted by Rule 60(b). While this rule does contain a catchall provision permitting reconsideration for "any other reason justifying relief", this catchall provision applies only in "extraordinary situations" where reconsideration is necessary to "accomplish justice." Colorado Interstate Gas v. Natural Gas Pipeline, 962 F.2d 1528, 1533 (10th Cir.1992) (citation omitted). We do not believe the appellant's motion for reconsideration presents such an extraordinary situation. Thus, we find that the district court properly denied this motion.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The appellant also filed a complaint against Parke and the Tulsa Police Department charging false imprisonment, malicious prosecution and cruel and unusual punishment. These claims are not at issue in this appeal
 
 
 [2]
 The district court's summary judgment order was entered October 18, 1991. The appellant did not file a notice of appeal with respect to this order until April 15, 1992
 
 
 [3]
 The appellant filed his motion for reconsideration on November 8, 1991
 
 
 [4]
 In his original complaint, the appellant argued that the appellees were liable for false arrest and malicious prosecution on the ground that they sanctioned his arrest knowing that the offense for which he was arrested was barred by the statute of limitations. In his motion for reconsideration, the appellant argued that the appellees were also liable because they failed to present any evidence indicating that the appellant committed or aided and abetted the commission of the crime for which he was arrested