46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Galy L. LIGGETT, Plaintiff-Appellant,
v.
Margret FURCHTENICHT, Patricia McClellan, Defendants-Appellees.
 No. 94-1302.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Gary L. Liggett filed a complaint under 42 U.S.C.1983 alleging violation of his due process rights during administrative proceedings in discipline while he was in custody of the Colorado Department of Corrections. On April 7, 1994, the magistrate judge to whom the case was referred recommended the complaint be dismissed under 28 U.S.C.1915(d) and advised Mr. Liggett he had ten days after the date of service of the recommendation to file any objection to the recommendation. No objection having been filed previously, on June 3, 1994, the district court entered an order dismissing the action.
 
 
 3
 On June 6, 1994, Mr. Liggett filed an objection to the recommendation, and on June 27, 1994, Mr. Liggett filed a motion for reconsideration of the dismissal. No notice of appeal from the order of dismissal was filed. The district court immediately entered a terse order denying reconsideration apparently on the ground Mr. Liggett had failed to timely file his objection to the magistrate judge's recommendation in the first instance. Mr. Liggett has appealed.
 
 
 4
 The Federal Rules of Civil Procedure do not recognize a "motion to reconsider" such as that filed by Mr. Liggett. Because it was filed more than ten days after entry of the judgment of dismissal, we shall construe the motion as one for relief under Fed.R.Civ.P. 60(b). Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 113 S.Ct. 89 (1992). As such, however, our jurisdiction in this appeal is only over the denial of the motion and not the merits of the dismissal of the complaint. Id. We review that denial for abuse of discretion. Id.
 
 
 5
 Because the filing of Mr. Liggett's objection to the recommendation of the magistrate judge was untimely and not even filed until after entry of the order of dismissal, even though entry of that order was delayed for almost two months, we see no abuse of discretion by the district court in failing to grant Rule 60(b) relief. Moreover, we see no exceptional circumstances in this case that would justify such relief. Id. at 1244.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470