## UNITED STATES COURT OF APPEALS

<u>**Filed 4/10/96**</u>

## FOR THE TENTH CIRCUIT

_____

FRANK MUELLER,               )
                                  )
     Plaintiff-Appellant,       )
                                  )

v.                                )     No. 95-1497
                                  )   (D.C. No. 95-S-599)
STEVEN T. PELICAN, State District Judge; jointly )    (D. Colo.)
and severally in his official capacity while acting   )
under and in his office and or color of law; jointly  )
and severally in his individual and personal capaci- )
ties; DETECTIVE REISMAN, jointly and several- )
ly in his individual and personal capacities; several )
unknown named Colorado Springs Law Enforce- )
ment Officers; jointly and severally in their official )
capacities while acting under and in their office and )
or color of law,                     )
                                  )
     Defendants-Appellees.    )

_____

## ORDER AND JUDGMENT[*]
_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Frank Mueller, a state prisoner proceeding *pro se* and in *forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983, alleging various civil rights violations. The district court dismissed certain claims as frivolous under 28 U.S.C. § 1915(d), and dismissed the remaining claims with leave to amend. In its order, the district court directed Mr. Mueller to file his amended complaint by August 25, 1995, and advised him that if he failed to do so, "the remaining claims and defendants are subject to dismissal." The district court later extended the deadline to September 8, 1995, but advised him that no further extensions would be granted and that if he failed to file an amended complaint his remaining claims would be dismissed. Because Mr. Mueller failed to file an amended complaint within the time allowed, the district court dismissed his remaining claims on September 27, 1995. Mr. Mueller filed a motion for reconsideration on November 7, 1995. Because he filed this motion more than ten days after the final order in his case, we construe it as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). The district court denied Mr. Mueller's motion on November 9, 1995. Mr. Mueller filed notice of appeal on November 21, 1995.

If a party files a motion for relief from judgment within ten days after the district court enters its final order, "the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." Fed. R. App. P. 4(a)(4). Because Mr. Mueller filed his motion more than ten days after the entry of the order dismissing his complaint, the time for filing notice of appeal was not tolled. Accordingly, we have no jurisdiction to review the dismissal order, and our review is limited to whether the district court abused its discretion in denying Mr. Mueller's Rule 60(b) motion. *Van Skiver*, 952 F.2d at 1243. Just like the plaintiffs in *Van Skiver*, Mr. Mueller's Rule

2

60(b) motion merely "reiterated the original issues raised in [his] complaint [and motion for appointment of counsel] and sought to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood [his] position." *Van Skiver*, 952 F.2d at 1244. Accordingly, he was not entitled to relief under Rule 60(b). *Id.*

**AFFIRMED.**


Entered for the Court:


WADE BRORBY
**United States Circuit Judge**