**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL SEAN EDMOND,

Plaintiff-Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA, doing business as
National Registered Agents, Inc.;
WILLIAM WILSON, JR., Warden of
the Bent County Correctional Facility,

Defendants-Appellees.

No. 98-1062
(D.C. No. 97-D-1883)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **ANDERSON, BARRETT,** and **TACHA** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Michael Sean Edmond appeals from the district court's order denying his motion for reconsideration of its order dismissing his civil rights complaint, which he brought pursuant to 42 U.S.C. § 1983. [1] The district court dismissed his complaint sua sponte for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a). Appellant admitted in his complaint that he had not exhausted his administrative remedies through the prison grievance process. He explained that some of his grievances had gone unanswered, and that he had been transferred to a new place of incarceration before he had the opportunity to complete the grievance process. In ordering the dismissal of his complaint, the district court found that appellant failed to actively proceed with his grievances through the process provided to him.

---

[1] Appellant filed his motion to reconsider more than ten days after the court's judgment had entered; it is therefore properly construed as a motion pursuant to Fed. R. Civ. P. 60(b). An appeal from the denial of such a motion "raises for review only the district court's order of denial and not the underlying judgment itself." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). The wording of appellant's notice of appeal suggests that he may have intended to appeal from the underlying order of dismissal as well as from the order denying his motion for reconsideration. We need not concern ourselves with appellant's intent, however, because he filed his notice of appeal too late to appeal from the underlying dismissal.

In his motion for reconsideration, appellant presented additional arguments concerning his failure to exhaust his administrative remedies. He argued, inter alia, that the prison administration had hindered his ability to exhaust his claims; that he could no longer exhaust the claims because they were time-barred under the inmate grievance procedure; and that 42 U.S.C. § 1997e(a) is unconstitutional. Without considering the merits of his new arguments, the district court concluded that the points which appellant presented should have or could have been argued in his complaint. Accordingly, it denied his motion for reconsideration. We review this decision for abuse of discretion. See United States v. Castillo-Garcia, 117 F.3d 1179, 1197 (10th Cir.), cert. denied, 118 S. Ct. 395 (1997).

It appears that in denying the motion for reconsideration, the district court relied on our principle that "arguments raised for the first time in a motion for reconsideration are not properly before the court and generally need not be addressed." Id. That principle is inapplicable here because of appellant's pro se status and the sua sponte dismissal of his complaint. Appellant had no opportunity to present argument concerning exhaustion other than in his motion for reconsideration.

We nevertheless affirm the order of dismissal. We have reviewed each of appellant's arguments concerning the exhaustion issue and have determined that

they lack merit. The district court acted within its discretion in denying appellant's motion for reconsideration.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. [2]

Entered for the Court

Deanell Reece Tacha
Circuit Judge

---

[2] The Order to Show Cause dated May 15, 1998, is discharged. Appellant is reminded, however, of his continued duty to make partial payments toward the scheduled filing fee for this action. See 28 U.S.C. § 1915(b)(2).