F I L E D
United States Court of Appeals
Tenth Circuit

NOV 9 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENNETH GAMMON,

     Plaintiff-Appellant,

v.

DOUGLAS COUNTY, State of
Colorado; R. CHRISTENSEN
(deceased), Douglas County
Commissioner; M. COOKE, Douglas
County Commissioner; J. SULLIVAN,
Douglas County Commissioner; M.
MAXWELL, Douglas County
Commissioner; R. CRAIN, Douglas
County Clerk and Recorder; MARK
HANEN, Douglas County
Commissioner's Attorney,

     Defendants-Appellees.

No. 99-1245
(D.C. No. 98-M-2019)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant Kenneth Gammon sued Defendants-Appellees Douglas County, Colorado, (the "County") and several of its officers in connection with the County's refusal to include a proposed referendum petition on the ballot. The United States District Court for the District of Colorado granted the County's motion to dismiss because Gammon's claim was barred by the applicable statute of limitations. Gammon then filed a motion for reconsideration, which the district court also denied. Gammon now seeks review in this court. We find that we lack jurisdiction to review the district court's dismissal because his appeal to this court was not timely filed. Although we do have jurisdiction to review the district court's denial of Gammon's motion for reconsideration, we find that the district court did not abuse its discretion in denying that motion. Accordingly, the judgment of the district court is AFFIRMED.

Two primary issues are before this court on appeal: (1) Whether this court has jurisdiction to consider Gammon's claims; and, (2) whether, if this court has jurisdiction, the district court erred in dismissing Gammon's suit as time-barred and in refusing to reconsider this decision.

On September 18, 1998, Gammon filed suit in the United States District Court for the District of Colorado, alleging that Douglas County and several of its commissioners as well as its clerk had violated his First Amendment right to petition the government for redress of grievances. (See Order at 1-2.) The source

of Gammon's complaint was the County's refusal in 1994 to approve Gammon's petition to impose a three-year moratorium on building and rezoning within Douglas County.  (See id. at 1.)  Ms. Rita Crain, the County Clerk, had declined to approve the petition because she believed Colorado law does not grant the right to petition for ballot initiatives to residents of unincorporated areas.  (See id.)  Gammon subsequently demanded the return of his petition at an April 18, 1995, Douglas County Commissioners meeting, but his request was denied.  (See id. at 2.)

In August of 1995, Gammon learned of the Douglas County Open Space Initiative, which imposed a sales and use tax for the benefit of certain local projects.  (See id. at 2, 5.)  Believing that his petition had been treated unfairly, Gammon apparently forwarded a draft of a federal complaint to the County in September of 1995.  (See id. at 3.)  No such suit was filed until the present action was commenced on September 18, 1998, (see id., Complaint at 1, App. Tab 2.), alleging that the County had denied his constitutional right to petition the government.  Gammon asked the district court to compel the return of his petition; suspend the County Commission's authority for 180 days under the "Johnson Act of 1934;" appoint replacement county officers; compel the county Commissioners and Clerk to pay one-half of their annual salaries to his petition fund, and force the County to turn over its entire operating budget to that fund;

strike down the Douglas County Open Space Initiative and refund the taxes collected under it; and order jail sentences for the defendants. (See Complaint at 2-6, App. Tab 2.)

The County moved to dismiss the action. Finding that Gammon's suit was not filed within the two-year period allotted for civil rights actions, the district court granted the motion and judgment was entered on March 29, 1999. (See Order at 5.) On April 16, 1999, Gammon filed a motion for reconsideration, which the district court denied on April 21, 1999. Gammon filed his notice of appeal in the district court on May 19, 1999. (See District Court Docket Sheet.) He contests both the district court's dismissal of his suit and the court's denial of his motion for reconsideration.

This court lacks jurisdiction to consider Gammon's challenge to the district court's dismissal. Generally, a notice of appeal must be filed within thirty days of the district court's entry of judgment. See Fed. R. App. Pro. 4(a)(1). Federal Rule of Appellate Procedure 4(a)(4)(F), however, provides that "the time for appeal for all parties runs from the entry of the order disposing of [a motion] for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment." When a motion to reconsider is filed more than ten days after the district court's entry of judgment, it is "construed as one pursuant to Rule 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied,

113 S.Ct. 89 (1992). Moreover, where neither the notice of appeal nor the motion to reconsider was filed within ten days of the entry of judgment, this court can "review only the district court's order of denial [of the motion] and not the underlying judgment itself." Id.

In the present case, judgment was entered on March 29, 1999, but Gammon did not file his notice of appeal until May 19, 1999. This interval exceeds the thirty days allowed under Rule 4(a)(1). Furthermore, Gammon's motion to reconsider was filed more than ten days after entry of judgment, so he cannot benefit from additional time to file an appeal under Rule 4(a)(4)(F). As a result, and consistent with this court's decision in Van Skiver, this court lacks jurisdiction to review the district court's dismissal.

This court can, however, review the district court's denial of Gammon's motion to reconsider, because the notice of appeal was filed within thirty days of that decision. We review the denial of a motion to reconsider for abuse of discretion. See White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990).

We do not believe the district court abused its discretion in denying Gammon's claims as time-barred. Civil rights actions alleging violation of First Amendment rights must be filed within two years of the moment a plaintiff does or has reason to know of the constitutional injury. See Workman v. Jordan, 32

F.3d 475, 482 (10th Cir. 1994). In the present case, Gammon clearly knew that the County had refused to approve or return his petition by June 16, 1995. His personal appearance at the April 18, 1995, County Commissioners meeting, plus his forwarding a draft lawsuit to the County indicate that Gammon was well aware of his grievance during the summer of 1995. The present action was not filed, however, until September 18, 1998–more than three years after the statute of limitations began to run. Forwarding a draft complaint to the County does not commence a lawsuit. (See Fed. R. Civ. Pro. 3 ("A civil action is commenced by filing a complaint with the court.").) Thus, the district court did not abuse its discretion in denying Gammon's motion to reconsider.

Accordingly, we lack jurisdiction to review the district court's dismissal of this action, and we AFFIRM the court's denial of Appellant's motion to reconsider.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge