**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 14 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

LEE AUTRY MOORE,

     Plaintiff - Appellant,

v.

JOE WILLIAMS, Warden Lea County
Correctional Facility; ROBERT
PERRY, Secretary of Corrections;
NEW MEXICO DEPARTMENT OF
CORRECTIONS; BERNALILLO
COUNTY; WILLIAM RIORDAN,
Judge, Second Judicial District Court,
NM; FRANK H. ALLEN, JR., Judge,
Second Judicial District Court, NM,

    Defendants - Appellees.

No. 01-2114
(D.C. No. CIV-00-1344-LH/LCS)
(D. New Mexico)

---

## ORDER AND JUDGMENT[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lee Autry Moore, proceeding pro se, appeals the dismissal of his complaint against various New Mexico officials and institutions. We affirm the decision of the district court.

Moore, currently a prisoner in the state of New Mexico, filed suit under 42 U.S.C. § 1983, alleging his sentence of nine consecutive life terms was not authorized under New Mexico state law. He claims false imprisonment by the state and various state officials in violation of his federal civil rights and seeks $16 million in damages. The district court sua sponte dismissed the suit against the two defendant judges with prejudice because of absolute immunity, and dismissed the remainder of the claims without prejudice, citing Heck v. Humphrey, 512 U.S. 477 (1994), which prevents a convicted defendant from bringing a § 1983 suit for damages if the underlying conviction is valid.

We first consider whether Moore timely filed his appeal of the district court's judgment to determine whether we have jurisdiction over his appeal. Judgment for the defendants was entered on December 29, 2000. A motion to alter the judgment pursuant to Fed. R. Civ. P. 59(e) was filed on January 22, 2001. That motion was denied on March 16, 2001. On April 5, 2001, Moore filed a notice of appeal.

The notice of appeal was filed over three months after the final judgment in this case. Therefore, unless Moore received an extension of time to file his

appeal, his notice was untimely, see Fed. R. App. P. 4(a)(1)(A) (requiring all notices of appeal to be filed within thirty days after entry of judgment), and we would have no jurisdiction to hear his appeal. He did not request any extension. Instead, on January 22 Moore filed a motion to alter the judgment under Rule 59(e) before the district court. This motion did not extend the time to file an appeal from the judgment because it was not timely under Rule 59(e). See Fed. R. App. P. 4(a)(4)(A) (allowing a notice of appeal to be filed within thirty days of the resolution of a Rule 59 motion where the motion was timely filed); Fed. R. Civ. P. 59(e) (requiring that a motion be made within ten days of entry of judgment).[1]

Considering our obligation to liberally construe pro se pleadings, we interpret Moore's January 22 pro se motion before the district court as a motion under Fed. R. Civ. P. 60(b) seeking relief from the judgment, a motion which may be filed more than ten days after entry of judgment. See VanSkiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) (stating that the decision to consider a motion under Rule 59 or Rule 60 depends on the time of the filing of the motion, and that a motion not served within ten days "must be construed as one

---

[1] There are no "unique circumstances" present in this case that would permit us to overlook plaintiff's failure to comply with the timing requirements of Rule 59(e) and allow us to treat this as an appeal of the underlying judgment. See VanSkiver v. United States, 952 F.2d 1241, 1243 n.3 (10th Cir. 1991).

pursuant to Rule 60(b)"). But even construing Moore's January 22 motion as a Rule 60(b) motion does not extend the time for the filing of a notice of appeal of the underlying judgment. See Fed. R. App. P. 4(a)(4)(A)(vi) (requiring a Rule 60(b) motion to be filed within ten days of entry of judgment in order to extend the time for the filing of a notice of appeal).

Nonetheless, Moore's notice of appeal was filed within thirty days of the March 16 denial of his January 22 motion, which we interpret as a Rule 60(b) motion. Therefore, we can and will review Moore's appeal, not as an untimely appeal of the underlying judgment, but instead as a timely appeal of the district court's denial of his January 22 motion, which we interpret as falling under Rule 60(b). VanSkiver, 952 F.2d at 1243. We review the denial of a Rule 60(b) motion for an abuse of discretion. See White v. Am. Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990). Relief under Rule 60(b) is limited to mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, a void judgment, a satisfied judgment, or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Only the provisions relating to "mistake" or "any other reason" are arguably applicable in this case.

"Mistake" may apply if the lower court has made obvious errors of law. See VanSkiver, 952 F.2d at 1244. We therefore examine whether any obvious

errors of law exist in the district court's analysis. The district court first dismissed the claims against the state court defendant judges with prejudice based on absolute immunity. "It is well settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." Wiggins v. N.M. State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981) (citations omitted). In this case there is no allegation that the judges acted outside of the apparent scope of their judicial duties. Mere claims that the judges misapplied New Mexico sentencing law do not suffice. See Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994) (holding that state judges are absolutely immune from § 1983 liability except when acting "in the clear absence of all jurisdiction"). Therefore, the district court was correct in dismissing the claims against the state court judges.

The district court then dismissed all of the remaining claims without prejudice under Heck. Heck bars any § 1983 suit seeking only monetary relief based on allegations that the prisoner's conviction or sentence was a violation of federal rights. Heck, 512 U.S. at 483. The Court stated that such a suit could not proceed if "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." Id. at 481–82. This bar also includes claims that would render the sentence invalid. Id. at 486–87. Such a damages suit can only proceed if the challenged conviction or sentence "has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 487.

Moore's suit seeks relief based on an allegation that his sentence was improper under state law, and that it therefore constitutes false imprisonment and a violation of due process under the Fourteenth Amendment. If successful, Moore's suit would render his sentence invalid and is therefore barred under Heck. The district court did not err in dismissing the complaint without prejudice. We therefore find no obvious errors of law in the district court's order.

Having reviewed the materials in the district court record and the briefs in this matter, we also conclude that the grounds for relief under Rule 60(b) for "any other reason justifying relief from the operation of the judgment" do not apply in this case. Therefore, the district court did not abuse its discretion in rejecting Moore's motion under Fed. R. Civ. P. 60(b).

Moore must address alleged errors in his state court sentencing through other routes. They cannot be raised through a suit under § 1983.

We **AFFIRM** the dismissal of Moore's complaint by the district court.[2]

The mandate shall issue forthwith.

---

[2] We note that Moore is required to continue making payments for the appellate filing fee, as required by the District Court's Order of May 14, 2001, which allowed Moore to proceed without prepayment of that filing fee.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge