**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 7 2002**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

RONALD EDWARD GILLETTE,

    Plaintiff-Appellant,

v.

ROBERT PERRY, Secretary of
Corrections; NEW MEXICO
CORRECTIONS DEPARTMENT;
BERNALILLO COUNTY, New Mexico;
JACK L. LOVE, District Court Judge,

    Defendants-Appellees.

No. 01-2119

(D.C. No. CIV-01-14 LH/KBM)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Plaintiff Ronald Edward Gillette, a state prisoner appearing pro se, filed a false

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

imprisonment claim under 42 U.S.C. § 1983 in the district court on January 2, 2001. On February 9, 2001, the district court dismissed the complaint, finding the claim was barred by Heck v. Humphrey, 512 U.S. 477 (1994) (holding a convicted defendant may not bring an action for damages under § 1983 unless and until his sentence is set aside). Gillette filed his objections to the order on March 5, 2001 (the certificate shows it was placed in prison mail on February 27). The district court considered the objections as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and denied the motion on March 20, 2001. Gillette filed his notice of appeal on April 5, 2001.

The motion for relief from judgment was not filed within ten days of the district court's judgment. Therefore, the motion must be construed as one pursuant to Rule 60(b). See Fed. R. App. P. 4(a)(4)(A); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Gillette's appeal from the denial of the motion raises for review only the district court's order of denial and not the underlying judgment. Id. We review the denial of a Rule 60(b) motion for abuse of discretion. See White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990).

The district court did not abuse its discretion in denying Gillette's motion. The district court found that "even assuming the validity of Plaintiff's underlying premise for purposes of this order, he may not bring a claim of illegal sentence under § 1983 unless and until his sentence [is] set aside." ROA, Doc. 11. Gillette has failed to demonstrate any basis for relief under Rule 60(b).

2

AFFIRMED. The mandate shall issue forthwith. Gillette's motion to proceed on appeal in forma pauperis is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge