**WADDELL & REED FINANCIAL, INC., Waddell & Reed, Inc., and Waddell & Reed Investment Management Company, Plaintiffs,**

v.

**TORCHMARK CORPORATION, Ronald K. Richey, Harold T. McCormick, and Louis T. Hagopian, Defendants.**

No. CIV.A. 01–2372–KHV.

United States District Court, D. Kansas.

Oct. 6, 2004.

James D. Griffin, Stephen J. Torline, Blackwell Sanders Peper Martin LLP, Kansas City, MO, L. Steven Grasz, Megan Sebastian Wright, Nicole T. Bock, Thomas H. Dahlk, Trenten P. Bausch, Blackwell Sanders Peper Martin LLP, Omaha, NE, for Plaintiffs.

Betsy Palmer Collins, Alston & Bird, Atlanta, GA, Brenda Ranee Mesker, Matthew C. Miller, Scott C. Nehrbass, William R. Sampson, Shook, Hardy & Bacon L.L.P., Overland Park, KS, Hobart A. McWhorter, Jr., James W. Gewin, Michael R. Pennington, Bradley Arant Rose & White LLP, William J. Baxley, Baxley, Dillard, Dauphin & McKnight, Birmingham, AL, for Defendants.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Waddell & Reed Financial, Inc. ("W & R Financial"), Waddell & Reed, Inc. ("W & R") and Waddell & Reed Investment Management Company ("W & R Investment") filed suit against Torchmark Corporation ("Torchmark") and Ronald K. Richey, Harold T. McCormick and Louis T. Hagopian. Torchmark is the former corporate parent of W & R Financial, W & R and W & R Investment, and the individual defendants were common directors of Torchmark and W & R Financial. Plaintiffs initially sought to recover under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, and asserted Kansas common law claims for breach of fiduciary duty, knowing participation in breach of fiduciary duty and fraud through silence. The Court granted summary judgment in favor of defendants on some of plaintiffs' claims. W & R tried its fraud by silence claim to a jury, which returned a verdict in favor of defendants on September 9, 2004. *See Verdict* (Doc. # 508). This matter is before the Court on W & R's *Renewed Motion For Permission To Interview Jurors* (Doc. # 513) filed September 16, 2004 and *Plaintiff Waddell & Reed, Inc.'s Motion For Leave To Supplement The Record* (Doc. # 518) filed September 21, 2004. For reasons stated below, both motions are overruled.

■ On September 10, 2004, the Court overruled without prejudice W & R's first motion for leave to interview the jurors. *See Order* (Doc. # 510). The Court noted that W & R could re-file its motion after final judgment had been entered and any post-trial motions and appeals had been resolved. *See id.* Although styled as a renewed motion, W & R essentially seeks reconsideration of the Court's order of September 10. W & R has not presented sufficient grounds for the Court to recon-

sider its order. *See* D. Kan. Rule 7.3(b) (motion to reconsider shall be based on intervening change in controlling law, availability of new evidence or need to correct clear error or prevent manifest injustice). In particular, in its initial motion to interview the jurors, W & R did not state any reasons why it wanted to interview the jurors. *See* W & R's *Motion For Leave To Interview The Jurors* (Doc. # 502) filed September 10, 2004. A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed. *See Voelkel v. Gen., Motors Corp.,* 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd* 43 F.3d 1484 (10th Cir.1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *See id.* (citing *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992)). The arguments raised in W & R's renewed motion could have been raised in its original motion. The Court therefore overrules W & R's renewed motion to interview the jurors.

■ W & R's renewed motion also lacks substantive merit. W & R argues that it should be allowed to interview the jurors because on the morning of the last day of jury deliberations, *The Kansas City Star* newspaper published an article about a tax investigation of Keith Tucker, the CEO of W & R Financial. W & R seeks to interview the jurors to determine whether any information in the newspaper article influenced them. W & R's request is untimely. If W & R wanted to explore that issue with the jury, it should have notified the Court before the jury returned its verdict so the Court could conduct an appropriate inquiry. The Tenth Circuit has noted:

[A party] may not withhold an objection to publicity during a trial until an adverse verdict has been returned. This procedure would permit [the party] to take a gambler's risk and complain only if the cards fell the wrong way.

*Mares v. United States,* 383 F.2d 805, 808 (10th Cir.1967). W & R's failure to timely raise the issue makes it difficult for the Court to make a meaningful inquiry. In holding that an appellant had effectively waived his right to raise the issue of jury prejudice, the Fifth Circuit has made the following observations which are precisely on point in this case:

Appellant concedes that he became aware of the newspaper article on July 14 at least while the jury was deliberating and perhaps before argument and instructions were completed. Yet, he waited nearly a full week before bringing the matter to the court's attention. He thereby relinquished the opportunity to have the court make further timely admonishment or jury inquiry. By this delay, appellant had substantially impaired the court's ability to conduct a meaningful inquiry into possible prejudice before the jury verdict or immediately after. Following release from jury service, the jurors were instructed that they were no longer bound by the court's instructions. They were then free to read or view any material pertaining to the trial which they previously would have been forbidden to examine. The delay thus served to reduce prospects for an accurate inquiry regarding what information members of the jury might have learned, when they might have learned or been exposed to it, and whether it had influenced their thinking about the questions before them.

*United States v. Zabaneh,* 837 F.2d 1249, 1255 (5th Cir.1988).

W & R argues that it did not remain silent and that before the jury finished its deliberations, counsel notified the Court's Deputy Clerk of "concern" about the article in *The Kansas City Star.* Counsel for W & R did not ask the Deputy Clerk to notify the judge, however, and she did not. Indeed, the Court was not aware of the article until after the jury returned its verdict.

Counsel had ample opportunity to notify the Court during some seven hours of jury deliberations on September 9. At approximately noon on September 9, the jury sent the Court a series of six questions. The Court met informally with counsel to discuss answers to the questions and then held a short hearing on the issue. Later, counsel for W & R raised a concern about the wording of the Court's answer to one of the jury's questions. The Court again met informally with counsel and formulated a supplemental question for the Clerk to ask each juror after the verdict was read. Again, the Court held a short hearing after the informal meeting with counsel. During the Court's discussions with counsel on September 9, no one raised any issue about a newspaper article.

Counsel for W & R states that the jury returned a verdict before he had completed his analysis of "available options." *See* Affidavit Of Thomas Dahlk ¶ 4, attached to *Plaintiff Waddell & Reed, Inc.'s Motion For Leave To Supplement The Record* (Doc. # 518) filed September 21, 2004.[1] The record does not explain what options counsel was considering, but withholding objection until the jury returned an adverse verdict was not an option which was available to W & R. Because W & R did not seek relief before the jury returned its verdict, the Court overrules its motion.

■ In addition to W & R's failure to timely raise the issue, the Court notes that the newspaper article did not directly relate to this case. The newspaper article involved a personal tax investigation of the CEO of W & R Financial, who testified at trial. Although some media publicity is so obviously prejudicial that the Court must inquire immediately whether the jury was exposed to it, this case is not that case.

■ Absent evidence to the contrary, the Court must presume that the jurors remained true to their oaths and conscientiously observed the instructions and admonitions of the Court. *See United States v. Greschner,* 802 F.2d 373, 381 (10th Cir. 1986), *cert. denied,* 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987). Counsel for W & R states that when the jury returned its verdict, its "collective demeanor caused [him] to become concerned that the jury had been exposed to the prejudicial newspaper article." Affidavit of Thomas Dahlk ¶ 5. The Court assumes from this affidavit that counsel believes honestly and in good faith that the newspaper article influenced the jury's deliberations. The Court also observed the "collective demeanor" of the jury, however, and it is at a total loss to imagine what about the jury's demeanor might have conceivably implied that any juror had been exposed to a "prejudicial newspaper article." In the Court's view, the demeanor of this jury was exactly like the demeanor of every jury that just completed a case: a mixture of awesome responsibility, anxiety and relief.

**IT IS THEREFORE ORDERED** that Waddell & Reed, Inc.'s *Renewed Motion*

---

1. W & R seeks leave to supplement the record with (1) the affidavit of its counsel and (2) information regarding radio broadcasts on September 9, 2004. *See id.* The Court sustains W & R's motion as to the affidavit of its counsel. As to information on radio broadcasts, W & R has not shown that such information is necessary for the Court to decide W & R's motion to interview the jurors.

*For Permission To Interview Jurors* (Doc. # 513) filed September 16, 2004 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that *Plaintiff Waddell & Reed, Inc.'s Motion For Leave To Supplement The Record* (Doc. # 518) filed September 21, 2004 be and hereby is **SUSTAINED in part.** The Court sustains Waddell & Reed, Inc.'s motion as to the affidavit of its counsel. The motion is otherwise overruled.