**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KIRM GARRETT KATH,

      Plaintiff-Appellant,

v.

MR. IPPOLITO, Health Care
Administrator; DOCTOR KRAUS,
Health Care Provider,

      Defendants-Appellees.

No. 04-1493

(D.C. No. 04-Z-568)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Kirm Kath, a federal prisoner appearing pro se, appeals the district court's

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

denial of his motion to reconsider its dismissal of his civil rights complaint without prejudice for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Kath brought his claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging he suffered severe debilitating back pain and seeking damages under the Eighth Amendment for deliberate indifference to his medical condition by prison officials. Kath contended he had exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a) because he complained to the prison warden and medical personnel about inadequate medical care. He also provided copies of inmate requests he had submitted for medical care. Alternatively, Kath argued that prisoners who assert Eighth Amendment claims are not required to exhaust administrative remedies prior to filing suit. The district court rejected these contentions, finding that Kath had not filed a formal grievance regarding his medical care and concluding the action should be dismissed for failure to exhaust.

Kath filed a motion to reconsider, which the district court construed as a motion under Rule 60(b) because more than ten days had passed since entry of the original order. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). In his motion to reconsider, Kath alleged he had since completed exhaustion of his administrative remedies. The district court found that Kath

2

failed "to allege any extraordinary circumstances that would justify a decision to reconsider and vacate the order," ROA, Doc. 15 at 2, as provided under Massengale v. Oklahoma Bd. of Examiners in Optometry, 30 F.3d 1325, 1330 (10th Cir. 1994).

The district court did not abuse its discretion in denying the motion to reconsider. See id. The district court correctly concluded that Kath's filing of a motion to reconsider was not the proper vehicle for reinstituting his action. Kath's motion to reconsider did not present the type of extraordinary circumstances that give rise to Rule 60(b) relief. If Kath has in fact exhausted his administrative remedies, he may refile his complaint and evidence that exhaustion.

We AFFIRM the denial of Kath's motion to reconsider and the dismissal of Kath's action for substantially the same reasons as set forth in the district court's orders dated July 19, 2004, and October 29, 2004.

Entered for the Court

Mary Beck Briscoe
Circuit Judge