FILED
United States Court of Appeals
Tenth Circuit

April 5, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

OMAR MORALES,

 Plaintiff–Appellant,

v.

JUSTIN JONES, Director; WALTER
DINWIDDIE, Warden; CURTIS HOOD,
Chief of Security; TOM DYER, Case
Manager; LARRY D. STEWART,
District Attorney, Osage Co.; RANDY
KNIGHT, investigator for IAD, DOC,

 Defendants–Appellees.

No. 11-5155

(D.C. No. 4:10-CV-00169-GFK-TLW)

(N.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY,** and **HOLMES**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Plaintiff Omar Morales, a pro se Oklahoma state prisoner, challenges the district

court's order denying his motion for reconsideration. On September 21, 2011, the district

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court dismissed Plaintiff's 42 U.S.C. § 1983 prisoner complaint based on his failure to exhaust administrative remedies. On October 24, 2011, Plaintiff filed a motion for relief from the judgment under Fed. R. Civ. P. 60(b)(3) and (6). The district court denied the motion on November 8, 2011. Plaintiff filed his notice of appeal on November 17, 2011, more than thirty days after the original dismissal of the § 1983 action. Thus, Plaintiff's appeal "raises for review only the district court's order of denial and not the underlying judgment itself." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

We review a district court's denial of a motion for relief under Rule 60(b) for an abuse of discretion; we only grant such relief in exceptional circumstances. *See ClearOne Commc'ns v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011). Rule 60(b)(3) offers relief from a judgment based on fraud, misrepresentation, or other misconduct by the adverse parties. Rule 60(b)(6) offers relief for "any other reason that justifies relief." "Rule 60(b)(6) relief is . . . difficult to attain and is appropriate only when it offends justice to deny such relief. The denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (internal quotations, citations, and ellipses omitted).

In his motion for reconsideration, Plaintiff alleged Defendants lied to the district court. The district court found that none of the alleged lies were material to its dismissal for failure to exhaust. Plaintiff also argued he should not have been required to exhaust because the remedy he was seeking—monetary damages—was not an available remedy

within the prison grievance process. Further, he had been unable to pursue exhaustion for over a year because of brain damage that occurred as a result of the attack on him by other prisoners. The district court held it had already addressed Plaintiff's arguments in the order granting summary judgment and Plaintiff was required to exhaust his claim for monetary damages. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).

After carefully reviewing the record and the parties' various filings on appeal, we see no error in the district court's decision. We accordingly **AFFIRM** the district court's dismissal. We note the district court granted Plaintiff's motion to proceed *in forma pauperis*, and we remind Plaintiff of his obligation to continue making partial payments until his entire filing fee has been paid in full.

Entered for the Court

Monroe G. McKay
Circuit Judge