**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KIRK MILTON CRAINE,

Plaintiff - Appellant,

v.

JOHN WHETSEL; JIMMIE ALLIE;
OKLAHOMA COUNTY BOARD OF
COUNTY COMMISSIONERS;
RUSSELL DEAR; WEXFORD
HEALTH SOURCES INC.; MARY
KENNEDY; DR. LAWRENCE
TROMBKA; DR. CHARLES
HARVEY, M.D.; MICHAEL
CARLTON,

Defendants - Appellees.

No. 01-6146
(D.C. No. 97-CV-595-C)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **McKAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Kirk Milton Craine appeals from an order of the district court denying relief in this action brought pursuant to 42  U.S.C. § 1983 .  We affirm.

The district court granted summary judgment to defendants  February 23, 2001.  On March 19, 2001, Mr. Craine filed a motion to vacate the judgment.  That motion was denied March 22, 2001.  Mr. Craine's notice of appeal was docketed April 24, 2001.[1]

Since Mr. Craine did not file his motion to vacate the judgment within ten days of the entry of judgment, we construe it as being filed pursuant to Fed. R. Civ. P. 60(b).  See Van Skiver v. United States , 952 F.2d 1241, 1243 (10th Cir. 1991).  A Rule 60(b) motion filed more than ten days after the entry of final judgment does not toll the time for filing a notice of appeal from the underlying judgment.  See Fed. R. App. P. 4(a)(4)(A)(vi);  see, e.g.,  Weitz v. Lovelace Health Sys., Inc. , 214 F.3d 1175, 1178 (10th Cir. 2000).  [2]  Therefore, the

---

[1]  Although it appears that Mr. Craine's appeal from the district court's order denying his Rule 60(b) motion is untimely, it is not.  The thirty-day appeal period expired on April 21, 2001.  That day, however, was a Saturday.  Thus Mr. Craine had until Monday April 23, to file his notice of appeal.  The certificate of service indicates that Mr. Craine placed the notice of appeal in the prison mailbox April 22.  Thus, the notice of appeal is timely.  See Rule 4(c)(1).  The fact that the appeal was not docketed until April 24 is immaterial.

[2]  There are no "unique circumstances" present in this case that would permit
(continued...)

-2-

notice of appeal, at most, raises for our review only the order denying

Mr. Craine's 60(b) motion, not the original order granting defendants' motions

for summary judgment.    See Van Skiver , 952 F.2d at 1243.

We review the district "court's grant or denial of a Rule 60(b) motion

for abuse of discretion."    Plotner v. AT&T Corp.   , 224 F.3d 1161, 1174 (10th Cir.

2000).

As relevant here, Rule 60(b) authorizes the district court to relieve a party

from a judgment on the grounds of a mistake or "any other reason justifying relief

from the operation of the judgment." Fed. R. Civ. P. 60(b)(1), (6).  Generally,

> the "mistake" provision in Rule 60(b)(1) provides for the
> reconsideration of judgments only where: (1) a party has made an
> excusable litigation mistake or an attorney in the litigation has acted
> without authority from a party, or (2) . . . the judge has made a
> substantive mistake of law or fact in the final judgment or order.

Cashner v. Freedom Stores, Inc.   , 98 F.3d 572, 576 (10th Cir. 1996).

In his motion to vacate the judgment, Mr. Craine asserted that the district

judge made an error of law because she entered summary judgment without giving

him ten-days' notice that she was going to rule on defendants' motions.  The

record shows that Mr. Craine, through appointed counsel, filed a brief with

[2](...continued)
us to overlook plaintiff's failure to comply with the timing requirements of
Rule 59(e) and allow us to treat this as an appeal of the underlying judgment.
See Van Skiver , 952 F.2d at 1243 n.3.

supporting materials in response to defendants' motions for summary judgment on October 4, 2000. The district court granted the motions on February 23, 2001. Mr. Craine knew the motions had been filed and had responded to them well before the district court ruled on them. No further notice as to the court's intention to rule on the motions was required.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Appellant's motion to strike the brief of defendants Trombka, Whetsel, Dear and the Board of County Commissioners of Oklahoma County is DENIED. Defendants' motion to dismiss is DENIED. Appellant's motion to proceed without prepayment of costs and fees is GRANTED. He is reminded of his obligation to continue making partial payments until the entire fee has been paid. The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge