Victoria S. HILLMAN, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE,
William F. Henderson, Postmaster
General, Defendant.**

No. 97–4041–SAC.

United States District Court,
D. Kansas.

March 19, 2003.

Ira Dennis Hawver, Ozawkie, KS, for Plaintiff.

D. Brad Bailey, Nancy Landis Caplinger, Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This case comes before the court on defendant's motion for order of satisfaction

of judgment, apparently filed pursuant to Fed.R.Civ.P. 60(b)(5), (Dk. 263), and on plaintiff's motion for demand of judgment (Dk. 265). This case is no stranger to the court, as the parties have come before the court numerous times both before and after plaintiff, acting *pro se,* won a victory on her Title VII retaliation claim, but lost on her discrimination claim.

The court initially reinstated plaintiff, but was later convinced by both parties that such relief was indeed unworkable, and amended its judgment to money damages in lieu of reinstatement. This litigation has been marked by an unusual degree of animosity, which is reflected in the current motions showing distrust as well as disagreement with the other party's calculations of interest and other accounting matters relating to the court's award of monetary damages. The court is convinced, based upon specific representations in the current pleadings and the overriding disputatious tenor of the course of the proceedings to date, that the parties are and will remain unable to resolve these issues absent intervention by the court.

Calculations of this sort are usually jointly determined by the parties after reviewing the orders in the case, applying the employer's standard procedures and accounting programs, and engaging in reasonable negotiations between the parties. This normal course of achieving finality has been complicated in this case not only by plaintiff's *pro se* status, but also by inconsistent positions or expressions of position by the USPS payroll center in Eagan, Minnesota. Added to that mix is the complex procedural history of the case it-self, both as reflected in and flowing from the court's prior orders relating to plaintiff's relief, producing a true Gordian knot.

**Facts**

The procedural history of the case will not be repeated herein. Suffice it to say that USPS has already paid to plaintiff amounts in excess of $546,000.00 in satisfaction of the judgment, representing front pay, back pay, compensatory damages, benefits, and interest. *See* Dk. 263 Exhibits.

Plaintiff contends[1] the following amounts remain unpaid and are owed:[2]

Back pay interest $34,694.30
Compensatory damage interest $214.01
Front pay interest $4,606.98
Bonus reimbursement $184.52
Annual leave $596.55
Sick leave $16,555.45
Overpaid taxes and interest $14,763.31
Thrift Savings Program $26,377.84
Mileage $5,399.80
Total $103,392.76

In its pleadings relative to this issue,[3] the government agrees to pay to plaintiff the following amounts, some of which it concedes are properly owed to plaintiff, and some of which it merely agrees to pay to resolve the issues:

Compensatory damage interest $135.79
Bonus reimbursement $184.52
Annual leave $596.55
Interest on front pay award $3,001.31
Total $ 3,918.17

Thus plaintiff and defendant are at least $99,474.59 apart.

**Rule 60(b) Standards**

■ Rule 60 of the Federal Rules of Civil Procedure has been called the "grand

---

**1.** See Dks. 264, 265, 267, and 269.

**2.** The court understands plaintiff's contention that USPS continues to owe her post-judgment interest to date, and recognizes that the totals set forth above do not include any amounts of interest accruing after plaintiff's pleadings were filed.

**3.** See Dks. 263, 266, and 268.

reservoir of equitable power to do justice in a particular case." *F.D.I.C. v. United Pacific Ins. Co.,* 152 F.3d 1266, 1272 (10th Cir.1998) (quotation omitted). Accordingly, the district court retains substantial discretion "to grant relief as justice requires under Rule 60(b), yet such relief is extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir.2000). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds." *Van Skiver v. United States,* 952 F.2d 1241, 1243–44 (10th Cir.1991), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

■ Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged
>
> ...

USPS has paid a substantial amount to plaintiff in satisfaction of the judgment to date. Yet by its own admissions, it continues to owe plaintiff certain sums. Thus the judgment has not been satisfied, and USPS's motion for an order of satisfaction of judgment shall be denied as premature.

To the extent that plaintiff's motion seeks amounts in addition to those already awarded by the court, her motion would more properly be styled as a motion to alter or amend. The court examines plaintiff's claims, in the order they were summarized above.

**Back Pay Interest**

Plaintiff contends that defendant owes her $34,694.30 in interest on her back pay award. The parties agree defendant paid plaintiff $89,934.62 on April 30, 2002, as interest on plaintiff's back pay award. Plaintiff contends that this amount was improper, challenging the amount of gross back pay, the amount of adjusted gross pay on which interest was calculated, and the computer programs used by the USPS to calculate interest on the adjusted gross pay.

■ The court previously reviewed and rejected certain claims of error from plaintiff regarding back pay interest, and will not reexamine that holding. *See* Dk. 257. Plaintiff now contends that the amount of gross back pay should include payment for overtime that she would have worked, "absent the unlawful discrimination." (Dk. 269, p. 10). This claim is meritless, as plaintiff failed on her discrimination claim. Even had plaintiff won on that claim, however, the back pay award on her discrimination claim would not have been calculated any differently regarding overtime than the back pay award on her retaliation claim. The court's award of back pay simply does not encompass any payment for overtime not actually worked, in the absence of a showing that the employer's usual policy required such payment. As no such showing has been made here, no payment for overtime is owed.

■ Plaintiff additionally challenges the amount of adjusted back pay, and the fact that USPS calculated interest on her adjusted backpay, instead of on her gross backpay. Although USPS's recent pleadings give rise to some confusion regarding the amount of adjusted gross backpay,[4]

---

**4.** USPS states in one pleading that plaintiff's adjusted gross should have been $217,681.68, and that it had erred in calculating that fig-

ure, upon which the interest calculations for back pay were based. Dk. 266, p. 5–6. De-

USPS shows the court that the deductions it made from plaintiff's gross pay to reach an adjusted backpay figure are deductions routinely taken, including items such as federal and state taxes, FICA, and Medicare. *See* Dk. 268, p. 6–8. The court agrees with USPS's position that because plaintiff would not have had these funds to invest had she been in pay status during the back pay period, she is not entitled to interest on such funds. *See Greene v. Safeway Stores, Inc.,* 210 F.3d 1237, 1247 (10th Cir.2000) (the purpose of prejudgment interest is to compensate the wronged party for being deprived of the monetary value of her loss from the time of the loss to the payment of the judgment).

█ Plaintiff additionally alleges that in calculating the back pay award and/or interest thereon, USPS erroneously deducted as "outside earnings" amounts she never earned during the times stated. (Dk. 267, p. 7.) Plaintiff alludes to a conversation she had with USPS employee Schuler, but fails to show the court any evidentiary support for her claim, and the court admits some lack of understanding as to the nature of this claim. Plaintiff states that USPS deducted $31.80 in outside earnings per pay period from September 1993 through September of 2001, then increased that deduction to $70.02 per pay period. It is unclear to the court whether the amount deducted by USPS is alleged to reflect plaintiff's actual earnings as a USPS employee while a rural carrier in and after 1998, spread over earlier dates, or reflects assumed interest earnings, or something else. Because plaintiff has neither explained this claim of error to the court, nor shown any evidence in support of it, and does not include any amount for this alleged error in her summary of mon-

ey owed, (Dk. 269, p. 22), the court finds no basis for finding that any additional interest should be paid to plaintiff.

█ Plaintiff also complains that USPS calculated simple interest, not compound interest, on the backpay award. USPS contends that only simple interest is owed on the back pay award, relying upon the general principle of law that in the absence of a contract or a statute specifically providing for compound interest, compound interest is not to be computed on a debt. *See Cherokee Nation v. United States,* 270 U.S. 476, 490, 46 S.Ct. 428, 70 L.Ed. 694 (1926); *Quinlan v. Koch Oil Co., a Div. of Koch Industries, Inc.,* 25 F.3d 936, 941 (10th Cir.1994). USPS additionally states that the computer program it uses compounds interest by "accounting periods," (Dk. 268, p. 2), but nowhere reports what the length or scope of its accounting periods are.

█ Prejudgment interest is not mandatory. *Greene,* 210 F.3d at 1247. Its purpose "is to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of the judgment." *Id.* (quotation omitted). Similarly, the rate of prejudgment interest on a back pay award is a matter of the court's discretion. *Kleier Advertising, Inc. v. Premier Pontiac, Inc.,* 921 F.2d 1036, 1042 (10th Cir.1990) ("Because there is no federal statutory interest rate on prejudgment interest, the rate imposed will be left to the trial court's discretion.") In its discretion, this court established the rate of 10% per annum for its award of prejudgment interest on plaintiff's back pay award. *Hillman v. U.S. Postal Service,* 2002 WL 598341, *4 (D.Kan.2002). The court did not require the prejudgment interest on that back pay

fendant's most recent pleading relies upon an adjusted gross back pay amount of $214,038.57, Dk. 268, p. 6, and clarifies that

its previous reference to $217,681.68 was incorrect. (Dk. 268, p. 5, n. 2.)

award to be compounded, and does not do so now. Instead, it finds that the rate of 10% (rather than the 2.9% permitted as the post-judgment rate), is sufficiently high that no compounding is warranted. Accordingly, no further interest payments are owed plaintiff on her backpay award.

**Compensatory Damage Interest**

The parties agree that plaintiff received $859.94 from defendant on October 8, 2002, representing interest on the compensatory damages award of $80,000 from September 14, 2001 through February 15, 2001, at the rate ordered by the court. Plaintiff contends an additional $214.01 is owed, while the government contends the amount still owed is $135.79.

Plaintiff contends that interest was calculated only from September 22, 2001 through February 8, 2002, that the interest should have been calculated through the date she received the interest check, and that the interest should be compounded annually. The court has previously rejected plaintiff's claim that the interest is owed to the date plaintiff received the interest check, rather than to the date USPS placed plaintiff's check in the mail. *See Hillman,* 2002 WL 598341, *5 n. 13 (D.Kan.2002); 28 U.S.C. '1961 (requiring interest "to the date of payment," not to the date payment is received).

 Plaintiff now contends that interest should be extended to run through October 8, 2002, the date USPS paid her $859.94 as interest on the compensatory damages award. In seeking an award for not having received her interest payment sooner, plaintiff demonstrates a misunderstanding of the nature of post-judgment interest. The purpose of post-judgment interest "is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damages and the payment by defendant." *Kaiser Aluminum*

*& Chem. Corp. v. Bonjorno,* 494 U.S. 827, 835–36, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990). The "payment by defendant" alluded to is the payment of the underlying damage award, not the interest thereon. USPS's payment of interest in October for the time plaintiff had no use of her compensatory damages award accomplished the intended purpose of post-judgment interest.

The court understands plaintiff's position that she lost interest earnings, but given the course of motions regarding this issue, *see e.g.,* Dk. 226 (granting motion to enforce judgment of interest on compensatory damages by plaintiff), and the stays entered by the court on defendant's payment of money judgments during two intervening appeals, the court finds no unreasonable delay by USPS in its failure to pay interest to plaintiff for approximately six months. Plaintiff's loss, if any, is insignificant. Plaintiff is not entitled to an additional amount to compensate her for any delay in USPS's payment of interest on her compensatory damages award, during a period of time after she had received the compensatory damages payment and could have earned interest on it.

Plaintiff additionally contends that USPS used a computer program which calculated simple interest on her compensatory damages award, rather than compounded interest, as ordered by the court for post-judgment interest. USPS has satisfied the court that although it initially used such a computer program for this calculation, it has since manually calculated interest on plaintiff's compensatory damages award in accordance with the formula required by law.

Therefore, USPS shall pay to plaintiff the amount of $135.79 as additional interest on the compensatory damages award, and plaintiff's claim for a greater amount is denied.

## Front Pay Interest

[12] Plaintiff claims entitlement to $4,606.98 in interest on her front pay award. USPS admits that plaintiff is owed $3,001.31 as unpaid interest on her award of front pay, representing interest from the date the judgment was altered and amended, January 30, 2002, to the date the front pay award was paid by USPS, at the statutory rate of 2.95%, as ordered by the court. Plaintiff believes that front pay interest should be calculated from September 14, 2001, the date the court ordered reinstatement, instead of January 30, 2002, the date the court altered its order of reinstatement and ordered front pay in lieu thereof.

The court has reviewed the parties' pleadings, and finds that the dates used by the government are proper. No interest on front pay is owed during the period of time that plaintiff was reinstated and working instead of receiving front pay.

Plaintiff additionally contends that USPS used a computer program which calculated simple interest, rather than compounded interest, on her front pay award. USPS has satisfied the court that although it initially used such a computer program, it has since manually calculated interest on plaintiff's front pay award in accordance with the formula required by law.

Accordingly, USPS shall pay to plaintiff the amount of $3,001.31 as interest on the front pay award, and plaintiff's claim for a greater amount is denied.

## Bonus Reimbursement

Plaintiff claims that USPS incorrectly withheld $184.52, attributable to a retroactive union contract salary increase, as an offset against another amount it believed plaintiff owed USPS. USPS agrees. Accordingly, USPS shall pay to plaintiff the amount of $184.52 as bonus reimbursement.

## Annual Leave

Plaintiff seeks $596.55 as compensation for 50 hours of annual leave USPS owes her. USPS agrees that this amount is owed for unpaid annual leave, thus USPS shall pay to plaintiff the amount of $596.55 as compensation for annual leave.

## Sick Leave

[13] Plaintiff claims that she is entitled to receive payment for 798.78 hours of unused sick leave because the court's prior order included "attendant benefits." Assuming *arguendo* that the court's prior order so stated, and that plaintiff accumulated the requested number of hours of sick leave during her employment, no basis for payment for unused sick leave has been shown.

[14, 15] Sick leave is permissible time off from work when an employee is ill, not something that accrues a dollar value if an employee is well. In the absence of proof that the employer's policy is to pay employees for their accrued, unused sick leave upon termination from employment, no sick leave payment is owed. The law requires employers to honor their existing policies, but does not require them to go beyond them in determining the appropriate benefits to be paid upon an employee's separation from employment, even when an employee has some measure of success under Title VII.

No evidence has shown the court that USPS has any policy which would entitle plaintiff to payment for any unused sick leave. Accordingly, plaintiff's claim for sick leave in the amount of $16,555.45 is denied.

## Overpaid Taxes

[16] Plaintiff contends that USPS withheld $13,894.63 too much in federal and state taxes, and owes her interest on that wrongfully withheld amount as well. (Dk. 267, p. 14.) Plaintiff elsewhere con-

tends that incorrect amounts of taxable income, including her thrift savings plan, were reported on her W–2 form by defendant for her earnings in 2002, resulting in her being overtaxed for federal taxes in the amount of $5,190.93, and state taxes in the amount of $749.80. (Dk. 269, p. 12). Defendant does not deny this assertion, but claims that even assuming the truth thereof, plaintiff's battle on this issue is exclusively between her and the IRS.

The court has no need to determine whether plaintiff's non-taxable income was or was not included in her statement of income on her 2002 W–2 form, as this matter is one between the employer, the employee, and the IRS. Additionally, neither party has submitted a copy of defendant's W–2 form for 2002, nor could the court determine from the total amount of income reflected on a W–2 whether that total erroneously included TSP contributions.[5] The court notes solely that defendant's assertion that it has no further duty to plaintiff is not necessarily correct. *See Clemens v. USV Pharmaceutical, A Div. of Revlon, Inc.,* 838 F.2d 1389, 1395 (5th Cir.1988) (permitting tort claim against ex-employer and holding that "persons who undertake the duty of filing information returns concerning their employees and ex-employees have a duty to act with reasonable promptness to correct erroneous information they have sent to the IRS when such errors come to their attention.")

**TSP**

Plaintiff contends that the full amount of her thrift savings plan contributions, *i.e.,* $20,902.55, should have been included in her back pay award. Defendant counters that, by law, TSP contributions cannot exceed a certain amount or percentage of an employee's salary, per year. Accordingly,

USPS paid plaintiff $5,714.52 in TSP contributions in April of 2002, and agreed to pay the remainder of plaintiff's thrift savings contributions over the next two years, on a schedule shown to the court. *See* Dk. 268, p. 7–8, n. 6. The court finds defendant's statement of the law to be correct, and approves of its payout of TSP contributions over time, rather than in one year.

Plaintiff also seeks a total of $42,509.08, rather than $20,902.55 in thrift savings program contributions from 1994 to September 14, 2001. Plaintiff's challenge to the total amount of TSP is based upon her assertion that TSP is to accrue interest at the rate of no less than 10%, and be compounded monthly from the date which it should have been placed in the TSP fund, *i.e.,* September 18, 1994, through September 14, 2001. (Dk. 264, p. 17; Dk. 269, p. 11).[6] Plaintiff fails to substantiate her assertion that TSP interest is compounded monthly or accrues at the rate of 10% according to current USPS practice.

Although plaintiff couches her claim as one for interest earnings, plaintiff's claim is essentially for an award of prejudgment interest on her TSP contributions. *See Greene,* 210 F.3d at 1247 (stating the purpose of prejudgment interest is to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of the judgment.) The court has never awarded prejudgment interest on this amount, or other amounts not included in its previous orders, and shall not do so now. Accordingly, plaintiff's claim for interest or interest earnings on her TSP contributions, or for a TSP contribution greater than $20,902.55, is denied.

---

5. The government has submitted copies of defendant's W–2 forms for the years 1998–2001, *see* Dk. 268, Exh. 2, but neither party has submitted one for the year 2002.

6. Plaintiff admits that USPS has agreed to pay interest on the TSP account from April 25, 2002. (Dk. 264, p. 17.)

### Mileage

Plaintiff seeks an award of mileage for having driven to and from work while employed by the defendant between December 10, 2002, and July 30, 2002, during periods of her court-ordered reinstatement.

 In the absence of a showing that the employer's policy is to pay an employee for their mileage to and from work during employment, no payment for mileage is owed. Plaintiff has failed to show the court any evidence that defendant has any policy which would entitle plaintiff to payment for mileage. This is true even accepting, *arguendo*, plaintiff's claim that the location of her work was beyond the 30 mile radius ordered by the court. Accordingly, plaintiff's claim for mileage in the amount of $5,399.80 is denied.

### Conclusion

Untangling the Gordian knot of damages is not a simple task, but the court has attempted to give a fair reading to each issue raised in the parties' multiple pleadings. Having done so, the court will not look with favor upon any motion to reexamine these issues or to examine additional damages issues, being convinced that the interest of finality outweighs either party's interest in having the court conduct additional proceedings in this case. Once USPS has paid plaintiff the remaining amount owed, which this court hereby determines to be $3,918.17, plaintiff will have been fully and fairly compensated in every respect for the retaliation she suffered by USPS. The parties remain free, of course, to appeal this order.

IT IS THEREFORE ORDERED that defendant's motion for satisfaction of judgment (Dk. 263) is denied, and that plaintiff's motion for judgment (Dk. 265) is denied.

IT IS FURTHER ORDERED that USPS shall pay to plaintiff within 30 days of this order the amount of $3,918.17, without interest, in full satisfaction of plaintiff's judgment in this case.