38 F.3d 1220
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert E. COTNER, Plaintiff-Appellant,
v.
OKLAHOMA NATIONAL GUARD (State of Oklahoma); U.S. Army,
U.S. Government; Pennwalt Chemical Companys; General
Anoline & Film Corporation; Ethyl Corporation; Ansul
Chemical Company; The Dow Chemical Company; and Monsanto
Companys, Defendants-Appellees.
 No. 94-7047.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 In 1983, Plaintiff-Appellant Cotner filed an action against the Oklahoma National Guard and various private chemical companies alleging violations of his civil rights under 42 U.S.C.1983-88 related to his alleged exposure to "agent orange." The district court dismissed Cotner's action, holding in part that the Oklahoma National Guard is not a "person" for purposes of 42 U.S.C.1983 & 1985 and that the private defendants did not act under color of state law. Cotner appealed, and this Court dismissed the appeal for want of prosecution pursuant to 10th Cir. R. 5(c) & 15 (1983).
 
 
 3
 Now, some eleven years later, Cotner filed with the district court a pro se "Petition to Reopen Case and Set Record Straight or Correct" and a motion to proceed in forma pauperis. The district court denied Cotner's motions and he appealed. The matter is now before us on Cotner's motion for leave to proceed on appeal without prepayment of costs or fees. For the reasons stated below, we DENY the motion and DISMISS the appeal.
 
 
 4
 In order to succeed on his motion to proceed in forma pauperis, Cotner must show both: (1) a financial inability to pay the required filing fees; and (2) the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C.1915(a) (1988); Coppedge v. United States, 369 U.S. 438, 445 (1962). We conclude that Cotner can make no rational argument on the law or facts in support of the issues raised on appeal and thus fails to meet the second requirement listed above.
 
 
 5
 We construe Cotner's pro se petition liberally as a motion for relief from judgment or order pursuant to Fed.R.Civ.P. 60(b), and review the district court's denial of Cotner's motion to reopen for abuse of discretion. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied 113 S.Ct. 89 (1992). We find that Cotner fails to raise a colorable argument that the district court abused its discretion in denying his petition to reopen an action eleven years after its conclusion.
 
 
 6
 Even if the case were reopened, Cotner's claims suffer from the same legal infirmities highlighted by the district court in his original action. The Oklahoma National Guard remains an agency of the state of Oklahoma and is not a "person" suable under section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 63 (1989). The private chemical companies still cannot be said to have acted under color of state law.[2]
 
 
 7
 In summary, Cotner makes no rational showing in law or fact to justify reopening the action. As the district court remarked eleven years ago, Cotner's continued filing of repetitive and frivolous lawsuits alleging violations of his civil rights borders on an abuse of his in forma pauperis privilege. In the present appeal, Cotner has not made a sufficient showing to permit him to prosecute his action at the public's expense. Therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is DENIED and the appeal is DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 There remains some confusion as to which defendants Cotner wished to bring his current action against. Cotner seems to indicate in his brief that he only intended to move against the Oklahoma National Guard in the present case. Dow Chemical Company filed a motion with this Court to dismiss Cotner's appeal as it applies to Dow. Because we dismiss his appeal in its entirety, however, Dow's motion becomes moot and we need not resolve the issue as to other defendants further