Dear Major General Wyatt:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Is the Oklahoma National Guard, while acting under the authority of 32 U.S.C. § 112 and 44 O.S. Supp.2006, § 231, considered a state law enforcement agency for purposes of sharing in the proceeds of federal drug-related property forfeitures under 21 U.S.C. § 881?
 I. INTRODUCTION
Your question requires an analysis of various provisions of state and federal law which pertain to the use of the National Guard in drug interdiction and counter drug activities. Pursuant to 32 U.S.C. § 112, Oklahoma law authorizes the use of National Guard volunteers, equipment and facilities to provide assistance to federal, state and local law enforcement officers in drug interdiction and counter drug activities. 44 O.S. Supp.2006, § 231(A). Section 231 states:
 A. The Governor may request volunteers of the National Guard to provide assistance to federal, state and local law enforcement officers, within or outside the boundaries of this state, in drug interdiction and counter drug activities pursuant to 32 U.S.C., Section 112. These activities may include, but not be limited to, the operation and maintenance of equipment and facilities. The Governor may order, with their consent, any National Guard members, who volunteer pursuant to this section, to duty in federally funded status. The Governor may delegate the Governor's authority under this section to the Adjutant General. The Adjutant General shall follow all laws and regulations of the United States Department of Defense when ordering National Guard members to perform drug interdiction and counter drug activities pursuant to this section.
 B. The Adjutant General, with the consent of the Governor, may enter into mutual assistance and support agreements with one or more other states, whether those activities are within or outside this state, in order to facilitate and coordinate efficient and cooperative enforcement efforts directed toward drug interdiction, counter drug activities, and demand reduction.
 C. A National Guard member assisting in drug interdiction and counter drug activities pursuant to this section shall obey and execute the instruction of the law enforcement officer in charge of these activities given to the National Guard member through the military chain of command.
Id.
Title 32 U.S.C. § 112(a) authorizes the federal government to provide federal funds to the Governor of a state for the purpose of assisting the state in using National Guard personnel, equipment and facilities pursuant to that state's drug interdiction and counter drug activities plan. Id.
The Comprehensive Drug Abuse Prevention and Control Act of 1970 at21 U.S.C. § 881(a) enumerates certain categories of drug-related property which are subject to seizure by, and forfeiture to, the United States.Id. Once drug related property seized by the federal government is civilly or criminally forfeited, it is subject to disposition by the United States Attorney General. Id. § 881(e). The United States Attorney General has a number of statutory options regarding the disposition of said property. Id. One such option is to "transfer the property to any Federal agency or to any State or local law enforcement agency which participated directly in the seizure or forfeiture of the property[.]"Id. § 881(e)(1)(A).
The United States Department of Justice has developed guidelines and procedures for the equitable transfer of federally forfeited drug-related property to state and local law enforcement agencies.See OFFICE OF THE DEPUTY ATT'Y GEN., U.S. DEP'T OF JUSTICE, A GUIDE TO EQUITABLE SHARING OF FED. FORFEITED PROP. FOR STATE LOCAL LAW ENFORCEMENT AGENCIES (1994) [hereinafter GUIDE TO EQUITABLE SHARING].[1] After property is seized, a state or local law enforcement agency may request a share of the property by submitting the DAG-71 Form, Application for Transfer of Federally ForfeitedProperty,[2] to the pertinent federal investigative agency. GUIDE TO EQUITABLE SHARING at 5.
Equitable sharing among the agencies "is based on the net proceeds of the forfeiture." Id. at 6. Federal law provides that sharing in joint cases must bear a "reasonable relationship to the degree of direct participation of the State or local agency in the law enforcement effort resulting in the forfeiture." 21 U.S.C. § 881(e)(3)(A) (Westlaw). Normally, an agency's degree of participation is determined by considering the number of hours expended by the agents involved or other factors which are pertinent to the type and manner of assistance contributed to the investigation. GUIDE TO EQUITABLE SHARING at 7-8.
Against this backdrop, your question presents two issues which must be determined. First, we must determine whether the Oklahoma National Guard is an agency of the State of Oklahoma while acting pursuant to32 U.S.C. § 112
and 44 O.S. Supp.2006, § 231. If the answer to this issue is yes, we must then determine whether the Oklahoma National Guard is a State law enforcement agency for purposes of sharing in the proceeds of federal drug-related property forfeitures under 21 U.S.C. § 881.[3]
It bears mentioning that our research reveals that questions similar to yours have been addressed by attorneys general in three other states. In each of those instances, the attorney general for the respective state found the state's National Guard to be a law enforcement agency for purposes of sharing in proceeds of federally forfeited drug-related property according to applicable state and federal law. See Ga. Op. Att'y Gen. 95-29, at *2 (1995) (Westlaw); Kan. Op. Att'y Gen. 97-7, at *1-2 (1997) (Westlaw); Iowa Op. Att'y Gen. 97-8-1(L), at *1-4 (1997) (Westlaw). While we found these opinions to be helpful in addressing your question, our analysis and conclusions herein are made upon governing provisions of Oklahoma law.
 II. THE OKLAHOMA NATIONAL GUARD IS A DEPARTMENT OF THE OKLAHOMA MILITARY DEPARTMENT, WHICH IS AN AGENCY OF THE STATE OF OKLAHOMA.
The National Guard has an "unusual `hybrid' status as an agency with both federal and state characteristics." Jorden v. Nat'l GuardBureau, 799 F.2d 99,101 (3d Cir. 1986) (citing Johnson v. Orr, 780 F.2d 386,388 (3d Cir. 1986)). The multi-service component of the National Guard is achieved by the use of the "dual enlistment system," whereby persons enlisting in a state National Guard are required by federal statutes to "simultaneously enroll in the National Guard of the United States."Perpich v. Dep't of Def., 496 U.S. 334, 347 n. 19 (1990). "In a sense, [members of the National Guard] must keep three hats in their closets — a civilian hat, a state militia hat, and an army hat — only one of which is worn at any particular time." Id. at 348. However, "[e]ach member of the Army National Guard of the United States or the Air National Guard of the United States who is ordered to active duty is relieved from duty in the National Guard of his State . . . from the effective date of his order to active duty until he is relieved from that duty." Id. at 348 (quoting 32 U.S.C. § 325(a)(1)).
Under 32 U.S.C. § 112(a), which authorizes federal support to state National Guards participating in state drug interdiction and counter drug activity plans, state National Guards forfeit federal support if any National Guard members employed in an anti-drug effort are in federal service. United States v. Hutchings, 127 F.3d 1255, 1258 (10th Cir. 1997). This condition was "likely added to ensure that the federal funding of counter-drug activities did not lead to abuse of the Posse Comitatus Act." Id.[4]
While federal law accounts, to a significant extent, for the composition and function of the National Guard, the National Guard of each state, when not in federal service, is under state authority and control as part of the state militia. See Perpich, 496 U.S. at 347,351-52. In Oklahoma, this authority and control is set forth in ArticleV, Section 40
of the Oklahoma Constitution, which states that the "Legislature shall provide for organizing, disciplining, arming, maintaining, and equipping the Militia of the State." Id. The Oklahoma Militia is "divided into three (3) classes: The National Guard, the Oklahoma State Guard, and the Unorganized Militia." 44 O.S. 2001, § 41[44-41].
The Oklahoma National Guard consists of "such detachments, companies, batteries, battalions, regiments, divisions, squadrons, or other type units as the Governor may, from time to time, authorize to be formed, all to be organized in accordance with the regulations and laws governing the National Guard." Id. § 42. The Legislature provided that "there shall be assigned to each department such officers, enlisted men and employees as may be considered necessary by the Governor as Commander in Chief and as may be authorized by law and Army National Guard regulations and Air National Guard regulations." Id. § 21.
The Military Department of the State of Oklahoma was created by the Oklahoma Legislature at 44 O.S. 2001, § 21[44-21]. The Military Department is "organized into separate departments for the Army National Guard and the Air National Guard." Id. "All matters concerning or relating to the Militia, the National Guard, or other military organizations, and such other duties as may be assigned by the Governor, shall be administered by and through the Military Department." Id. § 22.
The "primary goal of statutory interpretation is to ascertain and follow the Legislature's intention." Duncan v. Okla. Dep't ofCorr., 95 P.3d 1076, 1079 (Okla. 2004). Additionally, legislative intent "is ascertained from the whole act," considering relevant provisions to "give full force and effect to each." McClure v. ConocoPhillipsCo., 142 P.3d 390, 395 (Okla. 2006). Rules of statutory construction are employed only when the legislative intent cannot be ascertained from the statutory language. Id.
The Governor's authority to use the Oklahoma National Guard for anti-drug efforts under 44 O.S. Supp.2006, § 231 is expressly limited to drug interdiction and counter drug activities pursuant to32 U.S.C. § 112. The provisions of 32 U.S.C. § 112 limit federal funding assistance to the use of state National Guard personnel who are not in federal service. Id. § 112(a), (c)(2). Accordingly, the use of the Oklahoma National Guard to assist a drug interdiction and counter drug activities plan pursuant to 44 O.S. Supp.2006, § 231 and32 U.S.C. § 112, is a function of the State Militia at the direction of the Oklahoma Governor and Adjutant General, under the administration of the Oklahoma Military Department. OKLA. CONST. art. V, § 40; 44 O.S. 2001 Supp.2006, §§ 21, 22, 41, 42, 231; 32 U.S.C. § 112(a) (Westlaw).[5]
In this regard, the Oklahoma National Guard is a departmental branch of the Oklahoma Military Department, which is an agency of the State of Oklahoma.
 III. UNDER 21 U.S.C. § 881 THE OKLAHOMA NATIONAL GUARD IS A STATE LAW ENFORCEMENT AGENCY WHEN PERFORMING LAW ENFORCEMENT ACTIVITIES IN ASSISTING FEDERAL, STATE, AND LOCAL LAW ENFORCEMENT OFFICERS WITH DRUGINTERDICTION AND COUNTER DRUG ACTIVITIES PURSUANT TO 44 O.S.SUPP.2006, § 231 AND 32 U.S.C. § 112.
In 21 U.S.C. § 881(e)(1)(A), Congress has authorized the United States Attorney General to transfer drug related property forfeited to the federal government to "any State or local law enforcement agency which participated directly in the seizure or forfeiture of the property[.]"Id. (emphasis added.) Congress' use of the term "any" in conjunction with the terms "State . . . law enforcement agency" in Section 881 plainly demonstrates Congress' intent to include a state agency that directly participates in the seizure or forfeiture of property by contributing law enforcement resources authorized under state law. The notion that a state National Guard can perform state law enforcement functions in drug interdiction and counter drug activities is supported by 32 U.S.C. § 112, which authorizes federal support for state National Guard participation in such activities. Title32 U.S.C. § 112(g) provides:
 Nothing in this section shall be construed as a limitation on the authority of any unit of the National Guard of a State, when such unit is not in Federal service, to perform law enforcement functions authorized to be performed by the National Guard by the laws of the State concerned.
Id. (emphasis added.)
Title 44 O.S. Supp.2006, § 231(A) expressly authorizes the use of National Guard personnel, equipment and facilities in assisting certain drug interdiction and counter drug activity plans. The statute also grants authority to the "Adjutant General, with the consent of the Governor, [to] enter into mutual assistance and support agreements with one or more states," for activities within or outside Oklahoma, "to facilitate and coordinate efficient and cooperativeenforcement efforts directed toward drug interdiction, counter drug activities, and demand reduction." Id. § 231(B) (emphasis added). Additionally, 44 O.S. 2006, § 231[44-231](C) provides that a National Guard member assisting in such activities "shall obey and execute the instruction of the law enforcement officer in charge of [the] activities given to the National Guard member through the military chain of command." Id.
The Posse Comitatus Act decisions, cited herein, demonstrate how State National Guard activities, such as those authorized under 44 O.S. Supp.2006, § 231, can serve law enforcement functions in executing a32 U.S.C. § 112 supported drug interdiction and counter drug activity plan.[6] In Doggett, units of the Alabama National Guard assisted Alabama State Troopers by conducting helicopter surveillance on a residence and providing aerial support for marijuana eradication.Doggett, 791 So.2d at 1047-48. In Hutchings, the Utah National Guard contributed personnel, advanced communications equipment and helicopter services to assist law enforcement officers with ground and air surveillance, and the removal of marijuana plants. Hutchings,127 F.3d at 1257-58. In Gilbert, members of the Kentucky National Guard conducted ground surveillance, searched property and seized evidence when assisting an anti-drug task force. Gilbert, 165 F.3d at 472.
Again, where a statute's language is plain and unambiguous, and the meaning clear and unmistakable, no justification exists for the use of interpretive devices to create a different meaning. Neer v. State, 982 P.2d 1071, 1078 (Okla. 1999). By the plain language of 44 O.S. Supp.2006, § 231, the Oklahoma Legislature has authorized the direct and active participation of the Oklahoma National Guard in federal, state and local drug law enforcement efforts by specifically authorizing the National Guard's operation and maintenance of equipment, facilitation and coordination of enforcement efforts, and execution of instructions of law enforcement officers by assisting National Guard members. Id. These activities expressly contemplate and authorize the use of the Oklahoma National Guard to perform law enforcement functions within the confines of 44 O.S. Supp.2006, § 231 and 32 U.S.C. § 112. Therefore, to the extent that activities performed by the Oklahoma National Guard as part of a drug interdiction and counter drug activities plan pursuant to 44 O.S. Supp.2006, § 231 and32 U.S.C. § 112 are law enforcement activities, the Oklahoma National Guard is a State law enforcement agency for purposes of 21 U.S.C. § 881.
However, whether particular activities performed by the Oklahoma National Guard in a particular drug enforcement operation actually constitute the performance of law enforcement activities, or are sufficiently direct to qualify for an equitable share of drug related property forfeited to the federal government, are questions of fact which cannot be addressed in an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).[7] Furthermore, we must emphasize that the Oklahoma National Guard's role in drug interdiction and counter drug activities pursuant to 32 U.S.C. § 112 and 44 O.S. Supp.2006, § 231 is ancillary in nature and our conclusion that the Oklahoma National Guard is a state law enforcement agency for purposes of 21 U.S.C. § 881 is limited to, and by, the provisions of law discussed herein.[8]
 It is, therefore, the official Opinion of the Attorney Generalthat:
 The Oklahoma National Guard, a department of the Oklahoma Military Department (an agency of the State of Oklahoma), when assisting in a drug interdiction and counter drug activities plan pursuant to 32 U.S.C. § 112 and 44 O.S. Supp.2006, § 231, is a State law enforcement agency for purposes of sharing in the proceeds of federal drug-related property forfeitures under 21 U.S.C. § 881.
W.A. DREW EDMONDSON
ATTORNEY GENERAL OF OKLAHOMA
RICHARD J. DENNY
ASSISTANT ATTORNEY GENERAL
[1] Available at http://www.usdoj.gov/criminal/afmls/publications/guidetoeq.pdf.
[2] Available at http://www.usdoj.gov/criminal/afmls/publications/guidetoeq.pdf; http://www.usdoj.gov/criminal/afmls/docs/Dag-71frm.pdf, app. A, at 20.
[3] Here we note that there is a separate body of State law enacted under the Uniform Controlled Dangerous Substances Act, 63 O.S. 2001 Supp.2006, §§ 2-101 — 2-110, which pertains to the seizure, forfeiture and disposition of State confiscated drug-related property. The application of State forfeiture law to the Oklahoma National Guard is outside the scope of your Opinion request.
[4] The Posse Comitatus Act, 18 U.S.C. § 1385, was enacted for the purpose of limiting the direct active use of federal troops by civil law enforcement officers to enforce the laws of this nation, "except in cases and under circumstances expressly authorized by the Constitution or Act of Congress." Hutchings,127 F.3d 1255,1257; see18 U.S.C. § 1835
(Westlaw); A.G. Opin. 02-34, at 193-94. Courts have consistently held that the use of non-federal service National Guard members, pursuant to 32 U.S.C. § 112, is not a violation of the Posse Comitatus Act. See Hutchings, 127 F.3d at 1257-58; Gilbert v. United States, 165 F.3d. 470, 473-74 (6th Cir. 1999); Doggett v.State, 791 So.2d 1043,1046-51 (Ala.Crim.App. 2000).
[5] See also Cotner v. Okla. Nat'l Guard, 38 F.3d 1220, 1994 WL 582044
(10th Cir. 1994) (unpublished opinion) (stating the Oklahoma National Guard is "an agency of the state of Oklahoma and is not a `person' suable (sic) under [42 U.S.C. § ] 1983").
[6] The cited cases are all criminal appellate decisions in which the defendants were attempting to overturn convictions on the grounds that the activities performed by the state National Guard constituted an illegal use of federal troops in law enforcement operations. In each case the convictions were affirmed, and the reviewing court held that the activities performed by the state National Guard did not violate the Posse Comitatus Act, because the state National Guard members were not in federal service.
[7] These questions would likely be resolved in the federal application process. See Form DAG-71 APPLICATION FOR TRANSFER OF FEDERALLY FORFEITED PROPERTY, available at http://www.usdoj.gov/criminal/afmls/publications/guide toeq.pdf; http://www.usdoj.gov/criminal/afmls/docs/Dag-71frm.pdf, app. A, at 20.; GUIDE TO EQUITABLE SHARING, available at http://www.usdoj.gov/criminal/afmls/publications/guidetoeq.pdf.
[8] Additionally, this Opinion does not equate to a finding that individual guard members are peace officers when assisting in a drug interdiction and counter drug activities plan pursuant to32 U.S.C. § 112 and 44 O.S. Supp.2006, § 231.