FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KYLE L. HOUSTON, a/k/a Delihue,

     Plaintiff-Appellant,

v.

THE STATE OF COLORADO;
JUDGE GLORIA A. RIVERA, Denver
District Court; JUDGE HERBERT
STERN; THE COLORADO
ATTORNEY GENERAL OFFICE;
KEN SALAZAR; JOSEPH P.
SANCHEZ; COLORADO
DEPARTMENT OF CORRECTIONS;
DIVISION OF COMMUNITY
CORRECTIONS; A.F. STANELY;
JOE WHITE; CHRISTINE
MOSCHETTI; CATHIE HOLST;
BARRY PARDUS; JOE ORTIZ;
JEANEENE MILLER; DOUG
CURRAGAN, Independence Halfway
House Director,

     Defendants-Appellees.

No. 08-1240
(D.C. No. 07-cv-1762-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Kyle Houston, a state prisoner in the custody of the Colorado Department of Corrections, brought a tort claim pursuant to 42 U.S.C. § 1983 against the State of Colorado and various state and prison officials. Pursuant to an Order issued on October 25, 2007, Mr. Houston was granted leave to proceed *in forma pauperis*, and a payment plan was established under 28 U.S.C. § 1915(b)(2). Mr. Houston was warned that failure to comply with the payment plan would result in dismissal of his action.

After making his initial partial payment and two payments pursuant to his payment plan, Mr. Houston ceased making payments, and the district court ordered him to show cause why his action should not be dismissed for failure to comply with the payment plan, and the requirements of § 1915(b)(2). Mr. Houston responded that the court gave him conflicting directives regarding monthly payments, but the district court found that no conflicting directives were given. Accordingly, the case was dismissed by the district court on April 24, 2008 for Mr. Houston's failure to make payments on his filing fee or show cause why he could not make such payments in accordance with the court's order and § 1915(b)(2).

Mr. Houston then filed an "Objection" to the district court's decision. Since that objection was filed more than ten days after the judgment, the district court construed it as a Fed. R. Civ. P. 60(b) motion, and denied it because Mr. Houston simply reargued the same claims he made in his earlier pleadings (that

the district court gave conflicting directives regarding monthly payments) and did not assert extraordinary circumstances that would support reconsideration of the order of dismissal. Mr. Houston's Rule 60(b) motion was filed too late to toll the time for appeal of his underlying case, *see* Fed. R. App. P. 4(a)(4); accordingly this appeal is limited to consideration of whether his Rule 60(b) motion was improperly denied.[1]

In reviewing the district court's denial of Mr. Houston's Rule 60(b) motion, we may reverse only in the event of an abuse of discretion. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). After a careful review of Mr. Houston's brief and the record in this appeal, and affording them the generous reading due *pro se* filings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we discern no persuasive reason why the district court's dismissal should be reconsidered, *see Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) ("[r]elief under Rule 60(b) is . . . warranted only in exceptional circumstances"), and, accordingly, we affirm. Mr. Houston is

---

[1] In the course of denying Mr. Houston's Rule 60(b) motion, the district court did revise its initial dismissal order to indicate that it was without, not with, prejudice. Of course, Mr. Houston does not seek on appeal to disturb that aspect of the district court's decision.

reminded that he must continue making payments until the full balance of the appellate filing fee in this matter is paid.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge